Sherry EARNEY *v.* Sybil Estelle SHARP

92-886                                    646 S.W.2d 649

Supreme Court of Arkansas
Opinion delivered February 8, 1993
[Rehearing denied March 15, 1993.]

*Malcolm R. Smith, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, by: *Glen W. Sharp*, for appellee.

STEELE HAYS, Justice. This is a second appeal and, like the first, involves the sufficiency of the proof of attestation of a will. When the case came before us initially, we held the probate judge had erred in admitting a will to probate without the testimony of two attesting witnesses. *See in the Matter of the Estate of Sharp*, 306 Ark. 268, 810 S.W.2d 952 (1991). The order was reversed and the case was remanded to the probate court for further proceedings.

On remand, the proponents of the will, over the objection of the contestants, undertook to present further evidence of attestation and the probate judge admitted the proof and again accepted the will for probate. The contestants have appealed, arguing the law of the case. Because we must sustain that contention the order is reversed and the action remanded.

Our opinion in the first appeal states that although three witnesses testified concerning the proffered will, one stood to benefit under the will. Another did not recognize the signature of the purported testator and had no recollection concerning the

manner of its signing. Thus, only one of the three met the requirements of Ark. Code Ann. § 28-40-117(a) (1987).

Ordinarily in that situation the disposition would be a reversal and dismissal of the action. But this was a probate case and the matter was necessarily remanded for a continuation of proceedings affecting the administration of the estate of the decedent or, for that matter, the possibility that a different will would be proffered. The two appeals of *Standridge* v. *Standridge*, a probate case found at 298 Ark. 494, 769 S.W.2d 12 (1989) and at 304 Ark. 364, 803 S.W.2d 496 (1991), provide an apt illustration. In the first appeal, the validity of a marriage between Andy and Carroll Standridge was the issue. That dispute was resolved by the decision of this court in *Standridge I* and, under the doctrine of the law of the case, was not open to further development on remand. This was explained in *Standridge II*:

> Whatever was before this Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is an error apparent; or in any manner intermeddle with it further to execute the mandate, and settle such matters as have been remanded, *not adjudicated* by the Supreme Court. [Emphasis in original.]

In *Sharp I* nothing in the language of that opinion suggests the issue of attestation was not fully developed or that additional evidence concerning the will was contemplated. The import of the opinion, tacit but nonetheless implicit in the holding itself, was that there had been a failure of proof on behalf of the proffered will. That being so, the law of the case applies and the decision is final. *Milsap* v. *Holland* 186 Ark. 895, 56 S.W.2d 578 (1933).

Reversed and remanded for further proceedings relative to the estate of Glenn W. Sharp, deceased.