Brenda FURMAN, Inmate Records Supervisor,
Maximum Security Unit, Arkansas Department of
Correction *v.* Harold B. HOLLOWAY

92-1156 849 S.W.2d 520

Supreme Court of Arkansas
Opinion delivered March 22, 1993

379

*Winston Bryant*, Att'y Gen., by: *Darnisa Evans Johnson*, Asst. Att'y Gen., for appellant.

*Appellee*, pro se.

DONALD L. CORBIN, Justice. Appellant, Brenda Furman, Inmate Records Supervisor, Maximum Security Unit, Arkansas Department of Correction, appeals the order of the Pulaski County Circuit Court ordering appellant to produce appellee's, Harold B. Holloway's, inmate file for his inspection. This order was stayed pending determination of this appeal. We have jurisdiction of this appeal because it requires the interpretation of the Arkansas Freedom of Information Act (FOIA), Ark. Code Ann. §§ 25-19-101 to -107 (Repl. 1992), and Ark. Code Ann. § 12-27-113(e) (Supp. 1991). While appellant recognizes a court of competent jurisdiction can order disclosure of an inmate's records, appellant contends the inmate must establish a "particularized need" for the information requested. The trial court determined there was no such requirement. We affirm.

While this court is not bound by the decision of the circuit court, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Bryant* v. *Mars*, 309 Ark. 480, 830 S.W.2d 869 (1992). The Arkansas Freedom of Information Act provides in pertinent part:

> Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular

business hours of the custodian of the records.

Ark. Code Ann. § 25-19-105(a).

"Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.

Ark. Code Ann. § 25-19-103(1).

The records requested by Mr. Holloway are required to be kept by the director of the Department of Correction by section 12-27-113(e) which provides:

(e) The director shall make and preserve a full and complete record of each and every person committed to the department, along with a photograph of the person and data pertaining to his trial conviction and past history.

(1) To protect the integrity of those records and to insure their proper use, it shall be unlawful to permit inspection of or disclose information contained in those records or to copy or issue a copy of all or part of any record to any person so committed except as authorized by administrative regulation or by order of a court of competent jurisdiction. The regulations shall provide for adequate standards of security and confidentiality of records.

(2) Administrative regulation may authorize the disclosure of information contained in such records for research purposes.

Mr. Holloway requested that he be allowed to inspect his inmate file or be provided copies of his inmate file on December 23, 1991. This request was denied by Ms. Furman on January 2, 1992. On January 6, 1992, Mr. Holloway again requested that he be allowed to examine his inmate file. Mr. Holloway received no response to his second request. As a result, Mr. Holloway filed a

complaint in the Pulaski County Circuit Court asking the circuit court to order the records be made available to him as provided for in section 25-19-107 which provides in pertinent part:

> Any citizen denied the rights granted to him by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if an agency of the state is involved, or to any of the circuit courts of the appropriate judicial districts when an agency of a county, municipality, township, or school district, or a private organization supported by or expending public funds, is involved.

The trial court ordered that Mr. Holloway be allowed to inspect his inmate file in the presence of a Department of Correction personnel within a reasonable time after a request, made in writing. The order further provided that only one inspection per six (6) month period would be allowed and the Department of Correction was authorized to remove from Mr. Holloway's file any documents it deems to be of a sensitive or confidential nature and which would cause great harm to third persons if disclosed to Mr. Holloway or any other member of the public.

 Appellant contends the trial court erred by not requiring Mr. Holloway to show a "particularized need" for the information contained in his inmate file before ordering disclosure. Appellant contends Ark. Code Ann. § 12-27-113(e), Arkansas Department of Correction Administrative Regulation 804(V), and Arkansas Department of Correction Directive 90-16 disallow access to inmate's records. Regulation 804(V) provides:

> *POLICY*: It shall be unlawful to permit inspection of or to disclose information contained in inmate records or to copy or issue a copy of all or part of any record to any person so committed except as authorized by Administrative Regulation or by order of a court of competent jurisdiction.

Information is not exempt from our FOIA unless specifically exempted under the FOIA or some other statute. *Young* v. *Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992). Section 12-27-113(e)(1) disallows access of an inmate to his records unless allowed by administrative regulation or by order of a court of competent jurisdiction. Section V of Regulation 804 provides that an inmate

be allowed access to his records if provided for by Administrative Regulation or by order of a court of competent jurisdiction. Section VI of Regulation 804 provides in pertinent part:

*PROCEDURES*:

. . . .

3. Pursuant to the Arkansas Freedom of Information Act, as amended, public information will be released upon appropriate requests for information.

4. At no time shall copies of the inmate record be given to the inmate unless authorized by a representative of the Attorney General's Office or as otherwise stated in this regulation.

Arkansas Department of Correction Directive 90-16, which is not binding because it is not an Administrative Regulation, provides in pertinent part:

*PROCEDURE*:

. . . .

D. Privacy of Institutional Files

To protect the integrity of the data contained in the institutional files and to ensure its proper use it is unlawful to permit inspection of or disclose information contained in those records or to copy or issue a copy of all or part of any record to any person so committed except by Court Order or as authorized by Administrative Regulation.

Clearly the records appellee requests are "public records" under our FOIA since they are required to be kept by law. Ark. Code. Ann. § 25-19-103(1). Section 12-27-113(e) provides that disclosure of inmate records is only permissible when authorized by administrative regulation or by order of a court of competent jurisdiction. Disclosure of inmate records to inmates is permitted under Administrative Regulation 804 when authorized by a representative of the Attorney General's Office, pursuant to an appropriate request under the Arkansas FOIA, or by order of a court of competent jurisdiction. Arkansas Department of Correction Administrative Regulation 804. Appellee

made an appropriate request under the Arkansas FOIA. Therefore, the trial court correctly determined that appellee should be allowed access to his inmate file. Additionally, disclosure is specifically permitted pursuant to court order, which was obtained by Mr. Holloway.

Appellant cites *Bradley* v. *Fairfax*, 634 F.2d 1126 (8th Cir. 1980) and *Thomas* v. *United States*, 597 F.2d 656 (8th Cir. 1979), for the proposition that appellee must show a particularized need to gain access to his inmate file. These cases are inapplicable. *Thomas* involved an attempt to obtain grand jury materials, which are specifically exempted from the Federal Freedom of Information Act. In *Thomas*, the court held that since the requester was not entitled to the grand jury materials under the Federal FOIA or by a statute, a "particularized need" must be shown for the materials. Absent a "particularized need," the court declined to order disclosure. The language appellant cites from *Bradley* also refers to grand jury materials and is inapplicable.

The materials Mr. Holloway has requested are exempted from our FOIA by statute, but there is a method for obtaining those records contained in the statute, which does not require a showing of "particularized need." Therefore, as did the trial court, we find no requirement for appellee to show a "particularized need" before he can inspect his inmate file. We do note, however, that the restrictions imposed by the circuit court's order are permissible under the statute and we find them to be reasonable.

Appellant also argues appellee must show a violation of due process in order to have a right to examine his inmate file. Since this argument was not raised below, we will not consider it on appeal. We do not consider arguments raised for the first time on appeal. *Dwiggins* v. *Propst Helicopters, Inc.*, 310 Ark. 62, 832 S.W.2d 840 (1992). Finally, appellant argues appellee should be required to show a compelling need before being allowed to inspect his inmate file. Since this argument was also not raised below, we will not address it. *Id.*

The applicable statutes and regulations set out above allow appellee to examine his inmate file upon order of a court of competent jurisdiction. There is no requirement that the inmate

show a "particularized need" for the records. The Pulaski County Circuit Court, a court of competent jurisdiction, has ordered appellee be allowed to examine his inmate file. Therefore, appellee is entitled to inspect his inmate file subject to the limitations imposed by the trial court's order.

Affirmed.

HAYS, J., dissents.