U.S. TERM LIMITS, INC., et al. *v.* Bobbie E. HILL, et al.

93-1240                                    870 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered February 7, 1994

No response.

*Mackey & Wills, P.A.*, by: *Frank J. Wills, III*, for appellee-movant.

ROBERT H. DUDLEY, Justice. An association named Arkansans for Governmental Reform is participating in this appeal and has petitioned by its attorneys, Mackey and Wills, for this justice to disqualify from this case. The motion is denied.

The alleged basis for recusal is that this justice wrote a dissenting opinion in *Plugge* v. *McCuen*, 310 Ark. 654, 841 S.W.2d 139 (1992), and that case and this justice's dissenting opinion in that case involved some of the same questions presented in this appeal, and, as a result, Canons 2(A) and 3(C) prohibit this judge from participating in this appeal.

Procedurally, there is no reason to conduct a hearing on the motion because the facts alleged are not in dispute. *See Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988).

Substantively, the alleged ground is not a valid reason for recusal under Canon 3(C). In *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987), the opinion of the court provides: "We agree with the decisions of other jurisdictions holding that Canon 3(C)(1)(a) of the Code of Judicial Conduct is not meant to preclude participation of a judge who has obtained knowledge of a case through previous judicial participation in it."

All other jurisdictions that have interpreted Canon 3(C) have interpreted it in the same manner. *State* v. *Thompson*, 724 P. 2d 1223 (Ariz. 1986); *Jones* v. *State*, 416 N.E.2d 880 (Ind. App. 1981); *Manning* v. *Engelkes*, 281 N.W.2d (Ia. 1979); *Reading* v. *Ball*, 354 S.E.2d 397 (S.C. Ct. App. 1987). *See also In re Kean*, 520 A.2d 1271 (R.I. 1987); *Barca* v. *Barca*, 546 A.2d 887 (Conn. App. 1988); *State* v. *Reeter*, 848 S.W.2d 560 (Mo. App. 1993); *Klein* v. *Klein*, 572 A.2d 900 (Vt. 1990); *Department of Revenue* v. *Golder*, 322 So. 2d 1 (Fla. 1975); *State* v. *Flint*, 301 S.E.2d 765 (W.Va. 1983); *Brendla* v. *Acheson*, 554 A.2d 799 (Me. 1989); *Doering* v. *Fader*, 558 A.2d 735 (Mo. App. 1989); *Goldman* v. *Bryan*, 764 P.2d 1300 (Nev. 1988); *State* v. *Miller*, 429 N.W.2d 36 (S.D. 1987); *Grider* v. *Boston Co., Inc.*, 773 S.W.2d 346 (Tex. App. 1989).

The Supreme Court of Arkansas, by the July 5, 1993 revision of the Arkansas Code of Judicial Conduct, endeavored to give judges more latitude in deciding whether to disqualify. Prior to the 1993 revision, the Code, in Canon 3(B)(1), provid-

ed: "A judge shall hear and decide matters assigned to the judge except those in which disqualification is required." The foregoing sentence was removed from the current Code to exemplify the modern view of judicial disqualification, and to curtail the notion that a judge had a strong "duty to sit" unless clearly disqualified. Under the current code, a judge has a strong duty not to sit in cases where he or she is disqualified, but there is an equally strong duty to sit in cases when he or she is not disqualified.

The movant also alleges that this justice should recuse under Canon 2(A) because, it alleges, this justice communicated bias by writing the dissenting opinion. None of the cases cited by movant support its position. The bias referred to in Canon 2(A) is a personal bias or prejudice. *See* Canon 2(A); *see also Laird* v. *Tatum*, 409 U.S. 824 (1972) (involving comparable federal statute); *see also* John P. Frank, *Disqualification of Judges*, 56 Yale L.J. 605 (1947). In *United States* v. *Grinnel Corp.*, 384 U.S. 563, 583 (1966), the opinion of the Supreme Court of the United States provides: "The alleged bias and prejudice to be disqualifying [under the comparable federal statute] must stem from an extra-judicial source and result in an opinion on the merits of some basis other than what the judge learned from his participation in the case."

In a comparable case, after reversal and remand of a case back to the trial court, the plaintiff moved for the trial judge to disqualify from hearing the case the second time. The plaintiff's argument was based upon the same construction of Canon 2(A) as the movant proposes in this motion, and the plaintiff's attorney in that case gave many of the same citations as does the movant in this motion. The trial judge refused to disqualify because, under the Canons, there was no valid reason for him to recuse, and he obviously believed that he could preside with impartiality. Upon appeal, the Supreme Court examined plaintiff's argument and the Code of Judicial Conduct, and held: "There was no valid reason for the judge to disqualify. A judge has a duty to remain in a case unless there is some valid reason to disqualify." *Carton* v. *Missouri Pacific R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993).

Disqualification is a matter left largely to the discretion of the individual judge. *Sloss* v. *Farmers Bank & Trust Co.*, 290

Ark. 304, 719 S.W.2d 273 (1986). On occasion, it is difficult to determine whether one ought to disqualify, but not in this case. The ground alleged by movant is not a valid ground for recusal. It is the duty of this justice to refuse to disqualify.