R.H. BUSSELL *v.* GEORGIA-PACIFIC CORPORATION
and Second Injury Fund

CA 94-91 891 S.W.2d 75

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1995
[Rehearing denied March 8, 1995.]

*John Richard Byrd, Sr.*, for appellant.

*The Rose Law Firm, A Professional Association*, by: *James M. Gary* and *Todd P. Guthrie*, for appellee Georgia-Pacific Corp.

*Terry Pence*, for appellee Second Injury Fund.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was employed by the appellee, Georgia-Pacific Corporation, on September 7, 1986. On that date, the appellant's back was injured when a step gave way while he was climbing a flight of stairs in the appellee's power plant. Following his fall, the appellant required several surgical procedures to his spine. After a hearing, the Commission found that the appellant failed to prove by clear and convincing evidence that his injury was caused in substantial part by a safety violation, and that the Second Injury Fund had no liability. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that his injury was not substantially caused by a safety violation. The appellee and cross-appellant, Georgia-Pacific Corporation, contends that the Commission erred in finding that the Second Injury Fund had no liability in this claim. We reverse on direct appeal and affirm on cross-appeal.

We first address the appellant's contention that the Commission erred in finding that he failed to prove that his injury was caused in substantial part by a safety violation. In cases, such as the case at bar, in which the Commission has denied a claim because of a failure to show entitlement thereto, the substantial evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for a denial of relief. *See Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979). However, the Commission's opinion in the case at bar fails to do so.

In its opinion, the Commission found that the claimant fell when a metal stair tread broke underneath his feet while he was traveling through an older area of the plant which had been non-operational for several years. The Commission also found that it was necessary for the appellant to reach his work area as quickly as possible in order to prevent a loss of power to the plant, and that he chose his route through the older area because he felt this

was the most direct and quickest route. The Commission also found that the step which broke and caused the appellant's fall was found to be in a rusted and deteriorated condition, and that the overall condition of the area where the accident occurred was rusty and deteriorated. The Commission noted that the metal stairs were installed in the late 1930's but, due to the nature of the power plant operation, the stairs were subject to buildups of sulfur, salt cake, lime, heat, and moisture. Despite the age of the stairs and the harsh conditions of the operation, the stairs were not galvanized or otherwise painted or coated to protect against corrosion. The Commission noted that all of the stairwells in this area were rusty and, although the employer had monthly safety meetings in which the lighting and condition of the area was discussed, employees were not restricted from using the area; as a result, employees routinely went into the area, and supervisory personnel were aware that the area was commonly used.

Despite these findings, the Commission concluded that the appellant failed to establish by clear and convincing evidence that his injury was substantially occasioned by the employer's violation of any statute or regulation pertaining to employee safety. In so concluding, they reasoned that proof of the deteriorating and rusty condition of the area was insufficient to establish that the appellant's fall was substantially occasioned by that condition. They further noted that the evidence established that all of the stairs in the area were in the same condition, and there was no evidence of any other stairs breaking in the same manner. We find the Commission's reasoning to be fallacious, and we hold that its opinion failed to provide a substantial basis for the denial of relief in this case.

Arkansas Code Annotated § 11-9-503 (1987) provides for a twenty-five percent increase in compensation where it is established by clear and convincing evidence that an injury is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees. Section 11-2-117 sets out the general duties of an employer to provide a safe place of employment:

> (a) Every employer shall furnish employment which is safe for the employees therein and shall furnish and use safety devices and safeguards. He shall adopt and use meth-

ods and processes reasonably adequate to render such an employment and place of employment safe and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of the employees.

(b) Every employer and every owner of a place of employment, place of public assembly, or public building, now or hereafter constructed, shall construct, repair, and maintain it so as to render it safe.

Furthermore, Arkansas Department of Labor Rules require that:

Rule 18. Broken or split treads that are uneven from wear shall be promptly replaced or repaired to put them in safe condition.

Rule 20. Treads shall be firmly secured and sufficiently strong and stiff to be firm under foot for all reasonable conditions of use.

In the case at bar, the Commission found that both the stair which broke under the appellant's foot and the entire area in which the staircase was located were exposed to harsh conditions, unprotected against corrosion, and in a rusty and deteriorated state. The Commission nevertheless found that the appellant had failed to show that his injury was caused in substantial part by a safety violation. In so finding, the Commission stated that "claimant's relying on the general safety statute must show by clear and convincing evidence an unreasonably dangerous condition known by the employer or within the employer's comprehension," and concluded that the appellant had failed to do so because he had not shown that the employer knew that the particular stair on which he was injured would break. The Commission erred in so concluding. Here, the facts as found by the Commission establish that the stair which broke was corroded, that the area was generally corroded and deteriorated, that the employer was aware of the danger, and that the employer neither made repairs nor set the area off limits to employees. The law requires no greater showing to establish a safety violation, and we reverse on this point and remand for an award of benefits consistent with our holding.

Next, we address the cross-appellant's contention that the

Commission erred in finding that the Second Injury Fund has no liability on this claim. The cross-appellant notes that the appellant suffered injuries to his back in 1968 and in 1986 underwent back surgery as a result of those injuries. It argues that, because the prior injuries were in the same location, the Commission erred in finding that the Second Injury Fund had no liability. We do not agree.

 In order to establish liability of the Second Injury Fund, it is necessary to satisfy the three-part test set out in *Mid-State Construction* v. *Second Injury Fund*, 295 Ark. 1, 746 S.W.2d 539 (1988). The only requirement at issue in the case at bar is the requirement that the disability or impairment must have combined with the recent compensable injury to produce the current disability status. However, the Commission found that the appellant's fall from the staircase was so severe that it alone would be sufficient to produce the appellant's permanent and total disability status. In light of the evidence that the appellant obtained excellent results from his prior surgeries and was able to return to work without limitations following them, we cannot say that the Commission erred in so finding.

Reversed and remanded on direct appeal.

Affirmed on cross-appeal.

JENNINGS, C.J., and PITTMAN, J., agree.