Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, Arkansas 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion on whether a particular inmate's institutional file is subject to inspection and copying under the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996 and Supp. 1997). Specifically, you note that an inmate has filed a lawsuit against an attorney and the counsel for the attorney have requested, pursuant to the FOIA, a copy of the inmate's institutional jacket. Your question is whether the Department of Correction is obligated to release the information to the requester.
It is my opinion that the answer to your question, absent some administrative regulation or court order permitting inspection, is "no."
The Arkansas Freedom of Information Act grants citizens the right to access certain public records unless they are exempted from inspection under the act. The act itself lists several particular categories of exempt records, but also contains a "catch-all" exemption which incorporates all exemptions contained in "laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a) (Supp. 1997). One such statute is A.C.A. § 12-27-113 (Repl. 1995), the relevant portion of which states:
 (e) The director shall make and preserve a full and complete record of each and every person committed to the department, along with a photograph of the person and data pertaining to his trial conviction and past history.
 (1) To protect the integrity of those records and to insure their proper use, it shall be unlawful to permit inspection of or disclose information contained in those records or to copy or issue a copy of all or part of any record to any person so committed except as authorized by administrative regulation or by order of a court of competent jurisdiction. The regulations shall provide for adequate standards of security and confidentiality of records.
Although the construction of this section is not entirely without doubt, it has been interpreted by the Arkansas Supreme Court as an exception to the FOIA. See Furman v. Holloway, 312 Ark. 378, 849 S.W.2d (1993) (stating that § 12-27-113(e) provides that disclosure of inmate records in only permissible when authorized by administrative regulation or by order of a court of competent jurisdiction). See also Watkins, TheArkansas Freedom of Information Act (mm Press 2d ed. 1994), Appendix "C" p. 380.
It is therefore my opinion that the answer to your question is "no," the institutional file is not subject to inspection absent an administrative regulation or court order permitting it.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh