R.H. BUSSELL *v.* GEORGIA-PACIFIC CORPORATION

CA 98-667 981 S.W.2d 98

Court of Appeals of Arkansas
Division II
Opinion delivered December 9, 1998

*John Richard Byrd, Sr.*, for appellant/cross-appellee.

*Rose Law Firm, A Professional Association*, by: *Mark Alan Peoples*, for appellee/cross-appellant.

M ARGARET MEADS, Judge. This is the second appeal of this workers' compensation case. The initial claim was brought by appellant, R.H. Bussell, who fell on September 7, 1986, when a stair broke in appellee's power plant causing him to fall a distance of approximately four feet and to land flat on his back on the floor. As a result of his injuries, appellant was assessed an anatomical rating of forty percent to the body as a whole. Appellee accepted responsibility for only twenty percent, and appellant filed a claim alleging that appellee controverted his claim and also that he had been injured as a result of a safety violation, entitling him to a twenty-five percent increase in compensation.

In an opinion entered March 19, 1993, an administrative law judge (ALJ) ordered appellee to pay appellant an amount representing a twenty-five percent anatomical impairment plus a twenty-five percent increase in "compensation provided for by Ark. Code Ann. § 11-9-501 (a)–(d) pursuant to Ark. Code Ann. § 11-9-503" for the safety-violation claim. Appellee was further ordered to pay all reasonable related medical, hospital, nursing, and other apparatus expenses arising from appellant's compensable injury. In an opinion entered October 18, 1993, the Commission

found that appellant failed to prove by clear and convincing evidence that his injury was substantially occasioned by a safety violation and reversed the ALJ in this regard.

Appellant appealed to this court, and in *Bussell v. Georgia-Pacific Corp.*, 48 Ark. App. 131, 891 S.W.2d 75 (1995), we held that Ark. Code Ann. § 11-9-503 (1987)[1] provides for a twenty-five percent increase in compensation where it is established by clear and convincing evidence that an injury is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees, and that appellant had established a safety violation. We reversed and remanded to the Commission for an award of benefits "consistent with our holding." On remand, the Commission entered an order on May 10, 1995, stating that because this court found appellant proved the safety violation "we find that the compensation which is provided for in Ark. Code Ann. § 11-9-501(a)–(d) and awarded to the claimant in the prior awards of this Commission shall be increased by twenty-five percent (25%)."

Appellee submitted to appellant certain checks dated June 26, 1995, which it claimed satisfied the award. Appellant did not agree and contended that he was entitled to a twenty-five percent increase on all compensation as a result of the safety violation and for attorney fees based upon the same amount. Appellee maintained that the checks represented timely and appropriate payment and that any attempt to alter the formula used to calculate the payments was barred by *res judicata*. In an opinion entered March 21, 1997, the ALJ held that appellant was entitled to a twenty-five percent increase in the payment of all indemnity benefits incurred as a result of his September 7, 1986, injury and an award of attorney fees based upon the twenty-five percent increase to the temporary total, permanent partial, and permanent total disability benefits due appellant.

In an opinion entered February 18, 1998, the Commission found that appellant was entitled to a twenty-five percent increase in the compensation rate for appellant's permanent disability

---

[1] The 1993 Act rewrote this section.

compensation in excess of the twenty percent anatomical impairment which had been accepted and paid by appellee. The Commission found, however, that the doctrine of *res judicata* barred application of the twenty-five percent penalty to appellant's temporary total disability compensation or to the twenty percent anatomical impairment accepted and paid by appellee prior to the first hearing on appellant's claim. According to the Commission, the plain language of its May 10, 1995, order held appellee liable for the twenty-five percent increase on indemnity benefits *"awarded to the claimant."* The Commission held that the twenty percent anatomical impairment accepted by appellee was never "awarded to the claimant in the prior awards of the Commission" because it had been accepted by appellee, and if appellant had felt aggrieved by the Commission's May 1995 order, the proper remedy would have been an appeal. Because appellant failed to appeal from that order, the Commission held him to be bound by it.

Appellant appeals from the order entered February 18, 1998, contending that he is entitled to have all benefits payable under Ark. Code Ann. § 11-9-501(a)–(d) (1987), including temporary total and permanent total disability, increased by the twenty-five percent penalty for the safety violation and that attorney fees should be assessed on the entire award for the safety violation. Appellee has filed a cross-appeal contending that the safety violation penalty does not apply to the wage-loss portion of appellant's permanent total disability.

Appellant argues that he has been denied benefits to which this court held him entitled, and asks that we reverse the Commission's February 18, 1998, opinion and direct an order for payment of benefits. Appellee responds that the Commission's May 10, 1995, order determined the method of calculating benefits due appellant; that appellant failed to appeal from that order; and that appellant is now barred from reopening or relitigating this issue. Appellee says that the Commission correctly found appellant's challenge to its May 10 order barred by *res judicata*.

■ It is true that the doctrine of *res judicata*, which is applicable to the decisions of the Commission, forbids the reopening of matters once judicially determined by competent authority.

*Tuberville v. International Paper Co.*, 18 Ark. App. 210, 711 S.W.2d 840 (1986). However, in the first appeal of this case, we issued a mandate reversing the Commission's finding that appellant failed to show that his injury was caused in substantial part by a safety violation. We cited Ark. Code Ann. § 11-9-503 (1987) and stated that it provides for a twenty-five percent increase in compensation where it is established by clear and convincing evidence that an injury is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees, and we remanded for an award of benefits consistent with our holding.

 Whatever is before the supreme court and disposed of in the exercise of its appellate jurisdiction must be considered settled, and the lower court must carry that judgment into execution according to its mandate. *Fulkerson v. Thompson*, 334 Ark. 317, 974 S.W.2d 451 (1998). The trial court, and by analogy the Commission, has no power to change or extend the mandate of the appellate court. *Carroll Elec. Coop. Corp. v. Benson*, 319 Ark. 68, 889 S.W.2d 756 (1994); *Morrison v. Tyson Foods, Ind.*, 11 Ark. App. 161, 164, 668 S.W.2d 47, 48 (1984).

 In *Fortenberry v. Frazier*, 5 Ark. 200, 202 (1843), the supreme court held:

> Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate and settle such matters as have been remanded, not adjudicated by the Supreme Court . . . . The principles above stated are, we think, conclusively established by the authority of adjudged cases. And any further departure from them would inevitably mar the harmony of the whole judiciary system, bring its parts into conflict, and produce therein disorganization, disorder, and incalculable mischief and confusion. Besides, any rule allowing the inferior courts to disregard the adjudications of the Supreme Court, or to refuse or omit to carry them into execution would

be repugnant to the principles established by the constitution, and therefore void.

5 Ark. at 202 (citations omitted). *Fortenberry* applies to the court of appeals as well as the supreme court. *National Cashflow Sys., Inc. v. Race*, 307 Ark. 131, 817 S.W.2d 876 (1991).

In the first appeal of this case, we reversed the Commission's finding regarding appellee's safety violation. Our mandate cited Ark. Code Ann. § 11-9-503 (1987) and stated that it provides for a twenty-five percent increase in compensation, and we remanded for an award of benefits consistent with our holding. Neither the statute nor our mandate contain any words of limitation which would restrict the penalty to amounts "awarded to the claimant in the prior awards of the Commission." The Commission had no authority to vary our mandate or to add any conditions. The mandate is imperative and leaves nothing to the discretion of the trial court. *See Watkins v. Acker*, 195 Ark. 203, 111 S.W.2d 458 (1937).

Because the Commission was without authority to vary our mandate, it acted outside its authority by doing so; thus, its May 10, 1995, order was void. As such, the decision is not *res judicata*, and appellant did not have to appeal from that order. *See Childress v. McManus*, 282 Ark. 255, 668 S.W.2d 9 (1984) (it is not necessary to appeal from a void order because it never became effective); *Taylor v. O'Kane*, 185 Ark. 782, 49 S.W.2d 400 (1932) (where court had no authority to render judgment, it is void). Therefore, we reverse and remand this case to the Commission to enter an order awarding appellant a twenty-five percent increase in all compensation payable to appellant under the provisions of Ark. Code Ann. § 11-9-501.

With regard to appellant's argument concerning attorney fees, attorney fees are to be computed only on the amount of compensation controverted and awarded, increased by the safety-violation penalty. *Prier Brass v. Weller*, 23 Ark. App. 193, 745 S.W.2d 647 (1988). Here, appellee controverted appellant's impairment in excess of twenty percent to the body as a whole and controverted the entire safety violation. Therefore, attorney fees are to be calculated on the additional five percent anatomical

impairment awarded by the law judge and on the entire twenty-five percent increase in compensation payable under Ark. Code Ann. § 11-9-501.

 Appellee's argument on cross-appeal, as we understand it, is that the Commission erred in finding that the safety-violation penalty applies to the wage-loss portion of appellant's permanent total disability because it was never controverted by appellee. However, appellee controverted the safety violation, and as we have already said, the safety-violation penalty applies to all compensation payable under the statute.

Reversed on direct appeal; affirmed on cross-appeal.

GRIFFEN and AREY, JJ., agree.