J.R. NASH *v.* ESTATE OF Eddie Linn SWAFFAR

98-428 983 S.W.2d 942

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*J.R. Nash,* appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Scott M. Strauss, Richard C. Kalkbrenner,* and *John S. Cherry;* and *Phil Stratton,* for appellee.

RAY THORNTON, Justice. Appellant, J. R. Nash, seeks to establish a lien for attorney's fees on the assets of appellee, the Estate of Eddie Linn Swaffar. Eddie Linn Swaffar, Sr., died on April 8,1989, and his will was filed for probate on April 12, 1989. The probate court denied the relief sought, and this appeal ensues. We find no reversible error and affirm.

### Background of Previous Litigation

This is the third appeal we have considered relating to this estate. The first appeal involved the issue whether a possibly pretermitted son, Billy, had ever been adopted by the decedent. *Swaffar v. Swaffar,* 309 Ark. 73, 827 S.W.2d 140 (1992). The disposition of this issue is not significant to the issues now before us.

The second appeal in this matter, *Swaffar v. Swaffar*, 327 Ark. 239, 938 S.W.2d 552 (1997) (*Swaffar II*)[1], followed a vigorously contested proceeding in the Probate Court of Faulkner County. In describing the matters before us in *Swaffar II*, we summarized the relevant elements of the proceedings in the probate court as follows:

> In July 1995, Appellee filed a final accounting accompanied by a petition for approval of the final accounting, final distribution, and for discharge as personal representative. Appellant filed objections to the final accounting and asserted a claim of set-off against any alleged debts against the estate. After a hearing on January 5, 1996, the probate court entered an order denying Appellant's objections and claim for set-off and approving the final accounting. This appeal is from that order.

*Swaffar II* at 327 Ark. 238, 938 S.W.2d 553.

We considered and rejected several arguments that the final accounting showing a zero balance in the estate was in error. However, we determined that there was not sufficient evidence to support the trial court's exclusion of two certificates of deposit from the assets of the estate as *inter vivos* gifts, and reversed and remanded the matter for the limited purpose of determining whether the two certificates of deposit had been properly excluded. Our decision affirmed the final accounting of the Estate of Eddie Linn Swaffar, Sr., except for a determination whether the certificates of deposits should have been included in the estate. *Swaffar II* at 327 Ark. 243, 938 S.W.2d 556.

### The Current Litigation

Eddie Swaffar, Jr., and Mr. Nash entered into an employment agreement on September 5, 1989, for Mr. Nash to represent Eddie Swaffar, Jr., on a contingent-fee basis of one-third of any recovery, together with court costs and expenses. The agreement stated that neither party would settle any claim arising out of the matter without first obtaining the consent of the other. Pursuant

---

[1] Eddie Linn Swaffar, Jr., the appellant in *Swaffar II*, was represented by appellant, Mr. Nash, in this case. The Estate of Eddie Linn Swaffar [Sr.] is the appellee in both appeals.

to this agreement, Mr. Nash worked as attorney for Eddie Swaffar, Jr., through more than eight years of litigation, including the appeal in *Swaffar II*. On April 24, 1995, Mr. Nash filed notice of his attorney's lien on any and all interests and benefits received and to be received by Eddie Linn Swaffar, Jr., from the estate of Eddie Linn Swaffar, Sr.

On July 21, 1997, after the decision in *Swaffar II* and before the probate court responded to our mandate, Eddie Swaffar, Jr., discharged Mr. Nash as his attorney in this matter. Mr. Nash continued to file pleadings as "attorney of record" on behalf of Eddie Swaffar, Jr., through July 28, 1997, and on August 14, 1997, filed a petition as attorney of record seeking to enforce his attorney's lien on assets of the estate. On August 27, 1997, Mr. Nash moved to intervene in the remand of *Swaffar II* in order to protect his interest in any assets recovered by the estate as a result of his representation of Eddie Swaffar, Jr.

At a hearing on September 12, 1997, the probate court allowed Mr. Nash to intervene and examine Eddie Swaffar, Jr., for the purpose of establishing an attorney's lien on the assets of the estate, but did not allow Mr. Nash to participate in the issue of the ownership of the two certificates of deposit.

In its order dated December 17, 1997, the probate court found that *inter vivos* gifts had been made of the certificates of deposit. Based upon its finding that the certificates of deposit were not assets of the estate, the trial court noted that the final accounting of the estate showed a zero balance, and found that imposing a lien on the zero balance in the final accounting of the estate would be meaningless and inappropriate.

Mr. Nash appeals the decision of the probate court, contending that court committed three errors. We will consider each of these allegations of error in the order they are presented.

■ As his first point on appeal, Mr. Nash argues that the trial court erred in ruling that he could not participate in the hearing on the ownership of the certificates of deposit, and contends that the possibility of gaining an attorney's lien on the certificates of deposit if they became part of the estate raised in him a right to

intervene on the merits of that issue. Mr. Nash offers no citation of authority for this contention. We have often stated that assignments of error that are unsupported by convincing argument or authority will not be considered on appeal where it is not apparent without further research that the argument is well-taken. *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1998). The case of *Henry, Walden & Davis v. Goodman*, 294 Ark. 25, 741 S.W.2d 233 (1987), advanced by Mr. Nash in support of his argument, relates to litigation brought by the attorneys against a former client and is not applicable to this case. As we have noted, this is a proceeding in probate court pursuant to our remand for a determination of the ownership of two certificates of deposit, and not a trial of the issues which may exist between Eddie Swaffar, Jr., and his former attorney. In this proceeding, Mr. Nash has not filed an action against his former client, but rather he has attempted to establish a lien on whatever assets may remain in the estate of his former client's father.

The attorney's lien provisions of Ark. Code Ann. § 16-22-304 make it clear that the lien attaches to any judgment or final order in his client's favor. The statute provides that:

> . . . [T]he attorney at law, solicitor, or counselor serving the notice upon the adversary party shall have a lien upon his client's cause of action, claim, or counterclaim, which attaches to any settlement, verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come.

Ark. Code Ann. § 16-22-304(a)(1) (Repl. 1994).

■ Pursuant to that statutory provision, in the event the certificates of deposit were found on remand to be included in the assets of the estate, it appears that a lien would have attached. However, we have not been presented with any authority that the lien should attach to the certificates if they were *inter vivos* gifts passing outside the estate, and we know of no such authority. Neither have we been presented with any citation of authority for the argument that having an interest in the outcome of a former client's cause of action should allow the intervention of the former attorney for the purpose of challenging the client's position

regarding the cause of action. *See Dixon v. State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977).

Such a challenge of his client's position also raises significant questions relating to a conflict of interest, as reflected by Mr. Nash's examination of his former client, Eddie Swaffar, Jr., concerning the relinquishment of his claim to the certificates:

> MR. NASH: Have you [Eddie Swaffar, Jr.] received any benefits from your uncle [the executor of the estate] for waiving your claim to the CD's?
>
> EDDIE SWAFFAR, JR.: No.
>
> MR. NASH: You just decided to do that on your own?
>
> EDDIE SWAFFAR, JR.: Yep.
>
> MR. NASH: Just decided to give up your claim to a fifty thousand dollar ($50,000.) CD plus eight years of interest?
>
> EDDIE SWAFFAR, JR.: My name's not on it.
>
> MR. NASH: Well, you fought to get it for eight years, but here just recently in the past, what? Month? You decided to give up your claim to it?
>
> EDDIE SWAFFAR, JR.: I believe you might have fought for eight years about it. I — my name's not on there. It's not mine. So I am happy with that. If my name was on it, I'm sure they would hand it to me or put it in the estate.
>
> THE COURT: Mr. Nash, you have your answer.

This examination of his former client by Mr. Nash illuminates the conflict which would be presented by allowing the dismissed attorney to participate in a proceeding where his personal position differed from the position of his former client.

 The Model Rules of Professional Conduct prohibit an attorney from representing a client where the attorney has been discharged. MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.16(a)(3). Likewise, as the probate court was allowing Mr. Nash to proceed *pro se* at the hearing, Mr. Nash in essence became his own client, advocating his own position. To allow Mr. Nash to assert a position contrary to that Eddie Swaffar, Jr., would have

been violative of Model Rule 1.7, which states that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client. MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.7(a). Considering our rules of professional conduct, and in the absence of any authority to the contrary, we conclude that the trial court did not commit error in finding that Mr. Nash could not participate in the hearing on the merits of ownership of the certificates of deposit.

For his second point of appeal, Mr. Nash argues that the trial court erred in holding that there was clear and convincing evidence that the certificates of deposit are *inter vivos* gifts to W. C. Swaffar and to Brandon Swaffar, the brother and youngest son of the decedent. We note that the estate presented testimony from Ms. Terry Clifton, the employee of the bank that issued the certificate of deposit at the request of the decedent. Ms. Clifton testified that Mr. Swaffar, Sr., had been badly burned and expressed a desire to purchase a certificate of deposit providing for a joint tenancy with right of survivorship for the benefit of W. C. Swaffar. W. C. Swaffar testified to the same effect and that a certificate of deposit was also purchased for the benefit of Brandon Swaffar. On the basis of this and other evidence, the trial court concluded that the certificates of deposit had been *inter vivos* gifts which were not to be included in the estate. However, we do not reach this issue on appeal. For reasons already stated, we have determined that the trial court did not commit error in excluding Mr. Nash from participating in the resolution of the ownership of the certificates of deposit. A party has no standing to raise an issue regarding property in which he has no interest. *McCollum v. McCollum*, 328 Ark. 607, 612, 946 S.W.2d 181, 184 (1997) (citing *Boyle v. A.W.A., Inc.*, 319 Ark. 390, 892 S.W.2d 242 (1995)). Because Mr. Nash could not participate on the merits of ownership of the certificates of deposit, he also lacks standing to appeal this issue.

For his third and final argument on appeal, Mr. Nash contends that the trial court erred in holding that all estate assets had been distributed, the estate closed, and that, therefore, appellant's attorney's lien was a moot issue. It is clear that an attorney's lien which has attached to the proceeds of litigation follows the property when it is conveyed to others. Ark. Code Ann. § 16-22-

304(a) (Repl. 1994). However, in the case before us, Mr. Nash failed to establish his attorney's lien in *Swaffar II.*

■ Our disposition of *Swaffar II,* in approving the final accounting showing a zero balance in the estate, and denying the off-set for appellant's expenses, was a remand for the limited purpose of considering whether the certificates of deposit were *inter vivos* gifts. Based upon the trial court's finding that the certificates of deposit were *inter vivos* gifts, and not part of the estate, the final accounting in *Swaffar II* showing a zero final balance in the estate was not disturbed. The doctrine of law of the case prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless there is a material variance in the evidence before the court in each appeal. The application of the doctrine is not limited to issues raised in prior appeals, as it was developed to maintain consistency and avoid reconsideration of matters once decided during the course of a continuing single lawsuit. *Miller County v. Opportunities, Inc.,* 334 Ark. 88, 95, 971 S.W.2d 781, 785 (1998) (*citing Fairchild v. Norris,* 317 Ark. 166, 876 S.W.2d 588 (1994)). As we explained in *Earney v. Sharp,* 312 Ark. 9, 846 S.W.2d 649 (1993):

> Whatever was before this Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is an error apparent; or in any manner intermeddle with it further to execute the mandate, and settle such matters as have been remanded, *not adjudicated* by the Supreme Court. [Emphasis in original.]

*Earney* at 312 Ark. at 10, 846 S.W.2d at 650.

■ By intervening in the remand of *Swaffar II,* Mr. Nash was bound by the application of the law-of-the-case doctrine, and the probate court was without authority to disturb the final accounting reflecting a zero balance in the estate for any purpose other than to add the certificates of deposit, had the court found they should be included. Without the addition of the certificates of deposit, the final accounting continued to reflect a zero balance,

and the trial court did not commit error in determining that imposing an attorney's lien upon a zero balance would be meaningless and inappropriate. For the foregoing reasons, we find no reversible error in the actions of the probate court, and affirm.

Affirmed.