Doyle MASSONGILL *v.* COUNTY OF SCOTT, Arkansas, *et al.*

98-807 991 S.W.2d 105

Supreme Court of Arkansas
Opinion delivered April 15, 1999
[Petition for rehearing denied May 13, 1999.]

*Oscar Stilley*, for appellant.

*Bethell, Callaway, Robertson, Beasley & Cowan, PLLC,* by: *John R. Beasley*, for appellees.

RAY THORNTON, Justice. Appellant Doyle Massongill brings this second appeal from his 1995 complaint filed against Scott County, the county judge, and the members of the Quorum Court alleging illegal exaction and challenging the validity of two statutes: Ordinance 92-3, which provided for a solid-waste collection and disposal fee, and Ordinance 96-3, which provided Quorum Court members with health insurance benefits as additional compensation for their duties as justices of the peace. On first appeal to this court, we held that Ordinance 96-3 and its precursor, Ordinance 95-3, were invalid as providing additional compensation to quorum court members in violation of Ark. Code Ann. § 14-14-1205(c) (Supp. 1995), and wrote: "Because we conclude Ordinance 96-3 is illegal as contrary to § 14-14-1205(c) and to the meaning of § 1 of Amendment 55, we reverse and remand this cause with directions to enjoin the Scott County

Quorum Court from paying health insurance benefits and order such payments to be repaid. Because the chancellor upheld 96-3, the parties were precluded from addressing any refund payments, we remand with directions that they be allowed to do so in a manner consistent with this opinion." *Massongill v. County of Scott,* 329 Ark. 98, 947 S.W.2d 749 (1997)(hereinafter *Massongill I*).

On remand, appellant filed a motion for summary judgment asking that the court order repayment of amounts previously paid for health insurance for the quorum court members from 1984 through 1996. Appellant contends that these figures were agreed to by appellees prior to the first appeal as the appropriate amounts to be repaid by each member. The trial court granted appellant's motion for summary judgment on October 8, 1997. New counsel for appellees entered an appearance on October 13, 1997, and requested that the court set aside his grant of summary judgment and allow appellees additional time to respond to the motion. The trial court then set aside its order of summary judgment in favor of appellant and set the case for a hearing to address the affirmative defenses to the refund of payments made on behalf of the quorum court members raised by appellees. Following the hearing, the trial court ruled that although the equitable defenses asserted by appellees were not proven, the quorum court members need not repay the health insurance premiums on the basis of legislative immunity. Appellant brings this second appeal from that ruling, contending that legislative immunity is inapplicable to the facts of this case. We agree and reverse on that point, while affirming appellees' cross-appeal. Review of this case necessarily requires that we address a misunderstanding of our ruling in the first appeal that will require remand to the trial court to address the proper amount of refund to be made by appellees.

■ Appellant's first point on appeal concerns the court's decision to set aside the order of summary judgment it had entered ordering appellees to repay insurance benefits. We hold that the trial court correctly set aside its order granting appellant's motion for summary judgment, on the grounds that to have done so was contrary to our ruling for remand in *Massongill I*. Specifically, we held that, "Because the chancellor upheld 96-3, the parties were precluded from addressing any refund payments, we

remand with directions that they be allowed to do so in a manner consistent with this opinion." *Massongill I, supra.* This would necessarily include permitting appellees the opportunity to assert any defenses to repayment they might be able to prove. The defenses which their original answer put forth included immunity, justification, mootness, limitation and laches, waiver, unjust enrichment and detrimental reliance. Some of these defenses raised factual issues inappropriate for resolution on summary judgment. Therefore, to carry out our mandate, it was necessary that the summary judgment be set aside and the defenses requiring evidentiary proceedings be addressed. It is well settled that on remand the trial court is bound by the judgment or decree and must carry it into execution according to the mandate. *Nash v. Estate of Swaffar,* 335 Ark. 235, 983 S.W.2d 942 (1999); *Dolphin v. Wilson,* 335 Ark. 113, 983 S.W.2d 113 (1998); *Bussell v. Georgia-Pacific Corp.,* 64 Ark. App. 194, 981 S.W.2d 98 (1998).

■ Appellant's second point on appeal concerns the trial court's application of legislative immunity. Appellant contends the trial court erred when it ruled that appellees were not required to repay to the county insurance premiums they received unlawfully because their acts were legitimate legislative acts. Legislative immunity is a long-recognized principle in American law that legislators are absolutely immune from personal liability for their official and legislative activities. *Tenny v. Brandhove,* 341 U.S. 367 (1950).

■ We have in the past recognized the evident tension between the State's sovereign immunity and the constitutional right of the people to contest an illegal exaction. *Carson v. Weiss,* 333 Ark. 561, 972 S.W.2d 933 (1998). We resolved that conflict in favor of the people's ability to recover funds wrongfully expended. *Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983). The case of *Weeks v. Texarkana,* 50 Ark. 81 (1887), is instructive. There, city council members attempted to vary by ordinance the salary of the elected city recorder during his term of office contrary to statute. The recorder, Weeks, was also a member of the city council. We held:

> Consequently the ordinance of April 6, 1883, which fixed the recorder's salary at fifty dollars a month was inoperative until the

end of the term for which the plaintiff had been elected. But the court below seems to have considered that the town having voluntarily paid Week's [*sic*] this salary, under no misapprehension of facts, could not recover it back. However true this may be as a general proposition, it ought not to be extended to cases where the officer so wrongfully receiving payment was a member of the council or board which ordered such payment. This would enable every municipal body to evade the salutary restraints imposed by the statute. They might vote themselves extravagant salaries after their induction into office and when they had once received the money, might set the municipality at defiance.

*Weeks v. Texarkana*, 50 Ark. at 84 (1887).

■ We hold that legislative immunity is inapplicable as a defense to repayment where the illegal exaction itself inured to the personal benefit of the officials by way of compensation. Recovery is permitted from the quorum court members not as result of their legislative actions but because they were recipients of benefits found to be unlawfully paid. Legislative immunity would, for example, protect the members for the passing of the ordinance in the first place. It cannot, however, serve to insulate them from the repayment of monies on their behalf and for their benefit, regardless of the good faith of their actions.

■ This case is not about the good faith of the quorum members. We do not question whether they acted in good faith in passing the ordinance at issue or in accepting the benefits received by the county. The simple fact is that monies were paid for insurance premiums to their benefit in accordance with City Ordinances 96-3 and 95-3 which were not authorized by the then existing state law. Our Constitution gives the people the right to seek recovery of such monies. As we have previously stated, "[I]t is the law of this State that the chancery court has jurisdiction to order repayment of an illegal exaction even where the 'exaction' is in good faith and has been approved by the county court." *Munson v. Abbolt*, 269 Ark. 441, 602 S.W.2d 649 (1980). Recovery is permitted from the quorum court members not as a result of their legislative actions but because they were recipients of benefits found to be unlawfully paid. No action would be against them personally had they received no personal benefit from expenditure

of county funds. Accordingly, we hold that the trial court erred in applying legislative immunity and reverse that ruling.

 Appellant's third point on appeal concerns the trial court's refusal to recuse based on the showing that appellees' attorney served as the judge's campaign treasurer in an election campaign. The trial judge stated, in response to appellant's motion for recusal, that the relationship did not put him in a position where he could not give appellant a fair trial. There is a duty not to recuse where no prejudice exists. *U.S. Term Limits, Inc., v. Hill*, 315 Ark. 685, 870 S.W.2d 383 (1994). The decision to disqualify is within the trial court's discretion, and we will not reverse the exercise of that discretion without a showing of abuse. An abuse of discretion can be shown by proving bias or prejudice. *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). Appellant here has shown neither bias nor prejudice, and we affirm the trial court's decision on this point. However, because we are reversing and remanding on other grounds, we note the potential for the appearance of impropriety in the relationship between the trial judge and appellees' counsel.

## Cross-Appeal

 Appellees filed a cross-appeal and assert three points as error. The first contends that the trial court erred in denying their assertion of the affirmative defense of equitable laches. We disagree and affirm the trial court's decision to not permit the appellees to assert laches on the instant facts. Laches is a well-established equitable doctrine that operates to bar an action by a party who has "sat on his rights," *i.e.*, purposely or negligently failed to assert a claim for so long that to permit it now would disadvantage prejudicially an opposing party. *Anadarko Petroleum Co. v. Venable*, 312 Ark. 330, 850 S.W.2d 302 (1993). Appellees have not demonstrated that laches should apply. Appellants filed their action within the applicable three-year statute of limitations. We find no error in the court's ruling that for them to do so constituted an unreasonable delay as contemplated by the defense of laches.

■ Appellees also contend that the trial judge should have granted them relief under the equitable defenses of detrimental reliance, unjust enrichment, and offset. They cite the cases *Matindale v. Honey*, 261 Ark. 708, 551 S.W.2d 202 (1977), and *Starnes v. Stadler*, 237 Ark. 325, 372 S.W.2d 585 (1963), as authority for the premise that there is no recovery in absence of fraud or unjust enrichment to the state. Appellees have not demonstrated that these cases are applicable to a case of illegal exaction not involving dual office holders. The holdings in *Tedford v. Mears*, 258 Ark. 450, 526 S.W.2d 1 (1975), and *Mackey v. McDonald*, 255 Ark. 978, 504 S.W.2d 726 (1974), are more on point.

■ Appellees' final contention is that appellant's abstract was so deficient as to warrant summary dismissal of his appeal. We have stated many times that a flagrantly deficient abstract will result in dismissal. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998). However, the deficiencies must be substantial and make it impossible for the court to fairly and thoroughly review the case. While appellant's abstract is not exemplary, it is adequate.

■ Lastly, we note that our holding in *Massongill I* was that Ordinance 95-3, as amended by 96-3, and referred to as Ordinance 96-3 in the text of the opinion, was illegal as contrary to Ark. Code Ann. § 14-14-1205(c) and section 1 of Amendment 55, and we ordered that payments made on behalf of the quorum court members pursuant to those two ordinances were to be repaid. Under our earlier holding, appellees are liable only for the repayment of monies expended on their behalf under the authority of those statutes in 1995 and 1996. In the previous appeal to this court, appellant argued that Ordinance 96-3 was invalid. We noted that Ordinance 96-3 encompassed Ordinance 95-3 and held that expenditures for health insurance made pursuant to those ordinances were illegal and must be repaid. We did not specifically address the issue whether any predecessor statute to Ordinance 95-3 was covered by our decision in *Massongill I*. An earlier statute, Ordinance No. 84-15, provided generally for the purchase of group insurance for all county employees. During the first trial, appellant did not seek to overturn this ordinance, but argued that

it did not cover the purchase of insurance for quorum court members. The trial court did not specifically address the validity of Ordinance 84-15. On appeal, appellant made no argument that Ordinance 84-15 was invalid, but only that it was misapplied. Appellant argued that Ordinances 95-3 and 96-3 were invalid, and the validity of those two statutes were the only issues addressed by the court in *Massongill I*. We are unwilling, at this stage in the proceedings, to open up the earlier proceedings to address the issue of the validity of Ordinance 84-15. The doctrine of law of the case prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless there is a material variance in the evidence before the court in each appeal. The application of the doctrine is not limited to issues raised in prior appeals, as it was developed to maintain consistency and avoid reconsideration of matters once decided during the course of a continuing single lawsuit. *Miller County v. Opportunities, Inc.*, 334 Ark. 88, 971 S.W.2d 781 (1998)(citing *Fairchild v. Norris*, 317 Ark. 166, 876 S.W.2d 588 (1994)). As we explained in *Earney v. Sharp*, 312 Ark. 9, 846 S.W.2d 649 (1993):

> Whatever was before this Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is an error apparent; or in any manner intermeddle with it further to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court.

*Id.* We further note that, had that not been our express holding in *Massongill I*, appellant is nonetheless limited to recovery for payments made within the applicable three-year statute of limitations, not for all payments made since 1984 as he now contends.

In conclusion, we reverse the trial court's ruling that legislative immunity bars recovery of the insurance premiums paid on behalf of quorum court members, and affirm the trial court's ruling that none of the asserted equitable defenses were established. We therefore remand this case to the trial court with orders to determine the amounts to be refunded based upon pay-

ments made by the county on behalf of the quorum court members pursuant to Ordinances 95-3 and 96-3 in 1995 and 1996 and to direct payment from the members in accordance with these findings. We also remand for determination of reasonable attorney's fees for appellant.

Affirmed in part; reversed and remanded in part.

GLAZE, IMBER, and SMITH, JJ., concurring in part; dissenting in part.

L AVENSKI R. SMITH, Justice, concurring in part; dissenting in part. I agree with the majority decision and opinion in all points save one. The majority holds that our decision in *Massongill I* limits appellees repayment liability to monies expended on their behalf in 1995 and 1996. The majority thus reverses the trial court ruling that a three-year statute of limitations applied. With this, I cannot agree. There are two serious problems with this holding.

First, it *sua sponte* raises and resolves an issue on appeal not addressed by the parties. This Court has long held that issues raised for the first time on appeal will not be considered. *Furman v. Holloway*, 312 Ark. 378, 383, 849 S.W.2d 520, 523 (1993); *Burke v. Strange*, 335 Ark. 328, 983 S.W.2d 389 (1998). With the notable exception of matters involving subject-matter jurisdiction, we scrupulously adhere to that rule even where the issue is a matter of constitutional magnitude. *Tabor v. State*, 333 Ark. 429, 971 S.W.2d 227 (1998). For reasons the Court couches in terms of law of the case it reverses based on an unappealed trial court ruling. The majority is clearly wrong.

Second, this holding strains logic. It states that *Massongill I* invalidated ordinance 96-3 and its predecessor 95-3 but not an earlier ordinance No. 84-15, which had authorized premium payments for all county employees. Under that ordinance, the subject quorum court members unlawfully, albeit in good faith, were paid insurance premium benefits as though they were general employees of the county. After the practice was called into question, the quorum court passed ordinance 95-3, which summarily approved

the past practice and prospectively authorized it for the future by stating, in its Section 2:

> The Quorum Court believes a precedent has been set, and deems it necessary to continue health insurance coverage for elected constitutional officers, Quorum Court members and county employees.

This language did not begin the practice of paying insurance benefits for Quorum members but merely acknowledged it. Rather than limiting liability to years including and after its enactment, it could just as readily be interpreted as extending liability backward to the 1985 ordinance. The Majority's opinion has the effect of reducing the amount of potential repayment liability for each quorum court member — a positive end, in and of itself, given the absence of bad faith on the part of the officials, but it does so at a very high price.

I, therefore, respectfully dissent.

GLAZE and IMBER, JJ., join.