## WEEKS v. TEXARKANA.

1. MUNICIPAL CORPORATIONS : *Power to compensate recorder.*

The council of an incorporated town has an implied power under the statute, [*Mansf. Dig. sec.* 764] to remunerate the services of its recorder. But such power is subject to the limitation imposed by *Sec.* 926 *Mansf. Dig.* which provides that "the emoluments of no officer whose election or appointment is provided for by this act shall be increased or diminished during the term for which he shall have been elected or appointed."

2. SAME : *Increasing or diminishing official salaries : Repeal of ordnance.*

Where the recorder of an incorporated town, was elected on the 3d day of April, 1883, he was entitled to the compensation allowed for his services by an ordinance then in force and not to the higher compensation fixed by an ordinance passed on the 6th day of April, 1883. Under *Sec.* 926 *Mansf. Dig.* the ordinance of the latter date, was inoperative until the end of the term for which the recorder had been chosen, after which, on being re-elected, he was entitled to the salary it provided and his right thereto could not be affected by a repeal of that ordinance.

3. SAME : *Recovery of salary wrongfully paid to recorder.*

Money wrongfully paid to the recorder of an incorporated town, by order of the council of which he was a member, under an ordinance increasing his salary contrary to a provision of *Sec.* 926 *Mansf. Dig.* may be recovered back, although the payment was not made under any misapprehension of facts.

APPEAL from *Miller* Circuit Court.

L. A. BYRNE, Judge.

*Scott & Jones,* for appellant.

Municipal corporations have no powers except those expressly granted them by statute, or such as arise by necessary implication. There is no authority for the council to pass an ordinance making the recorder a salaried officer. *Mansf. Dig. Secs.* 792 to 797, &c. He is a member of the council. *Ib.* Officers are deemed to have accepted the office with reference to the provisions of the charter and statutes relating to the services and compensation prescribed. 1 *Dillon Mun. Corp.* 2d *Ed. Sec.* 169 ; 19 *N. Y.* 326.

6

Appellee was a member of the council, and any ordinance or contract made by it with him was contrary to public policy and void. 25 *Wis.* 551; 3 *Am. Rep.* 105; 19 *N. Y.* 326.

The ordinance was void because it increased the recorders salary during his term of office. When a corporation pays money to an officer for services to which he is not entitled under the law, and such officer is a member of the council ordering the same paid, the corporation can recover it back. See 89 *Pa. St.* 186; 33 *Am. Rep.* 748.

See also 34 *Ark.* 303.

*J. E. Cook,* for appellee.

Councils have the inherent and implied power to pay their officers reasonable compensation for their services by salary or otherwise. 1 *Dillon Mun. Corp.* 2d *Ed. Sec.* 55.

When the appellee was elected both the salary and fee ordinances were in force, and during his term of office the council could pass no ordinance diminishing his salary or fees, to which he did not *assent.* He never did assent as in case of 34 *Ark.* 303.

SMITH, J.  Weeks sued the town for his salary as recorder from June 1, 1884 to April 28, 1885, at the rate of fifty dollars a month. The answer was in two paragraphs. The first denied the defendant's indebtedness because the council had on the 27th of May, 1884, abolished the recorder's salary and the plaintiff had acquiesced and had continued to act as recorder, and had from time to time presented to the council his accounts for services, which were duly allowed and paid to him.

In the second paragraph, the defendant pleaded a set-off of six hundred dollars being one years salary which the plaintiff had received under an ordinance passed April 6th, 1883, after his election on April 3, 1883; which ordinance

increased his compensation during his term of office. Upon demurrer the first plea was adjudged to be good and the second bad. The defendant saved an exception to the action of the court upon the plea of set-off, and the parties went to trial upon the issue formed by the first plea. The plaintiff recovered a verdict and judgment for the amount sued for.

The statute has not in express terms authorized the council of an incorporated town to remunerate the services of its recorder. Nevertheless, as onerous duties are devolved upon him, requiring time and labor for their performance, such power may be fairly inferred as essential to the purposes of the incorporation. Otherwise the efficiency of the municipal government might be crippled and the best interests of the town suffer, from the impossibility of procuring a competent man, who would give his services gratuitously. Municipal corporations have power to make by-laws or ordinances, not inconsistent with the laws of the state, for carrying into effect the powers conferred and discharging the duties imposed upon them. *Mansf. Dig.*, sec. 764; *Dillon on Municipal Corporations*, 3d *Ed.* sec. 89.

1. MUNICIPAL CORPORATIONS: Power to compensate recorder.

An important limitation upon this implied power is contained in *Section 926 Mansfield's Digest*: "The emoluments of no officer whose election or appointment is provided for by this act shall be increased or diminished during the term for which he shall have been elected or appointed." On the 3rd of April, 1883, when the plaintiff was elected, the services of the recorder were compensated, according to an ordinance then in force, by allowances in the nature of fees. He was entitled to $2.50 for each meeting of council attended by him; for license issued he received the same fees as county clerks; for keeping and recording minutes, by-laws, ordinances and other instruments required to be recorded and for transcripts to printers, of all instruments

2. SAME: Increasing or diminishing official salaries: Repeal of ordinance.

Weeks v. Texarkana.

required to be printed he was entitled to ten cents for each hundred words.    Now the plaintiff must be deemed to have taken office with reference to the existing compensation. *Dillon Mun. Corp. sec.* 230; *Baker v. City of Utica,* 19 *N. Y.* 326.

Consequently the ordinance of April 6, 1883, which fixed the recorder's salary at fifty dollars a month was inoperative until the end of the term for which the plaintiff had been elected.    But the court below seems to have considered that the town having voluntarily paid Week's this salary, under no misapprehension of facts, could not recover it back. However true this may be as a general proposition, it ought not to be extended to cases where the officer so wrongfully receiving payment was a member of the council or board which ordered such payment.    This would enable every municipal body to evade the salutary restraints imposed by the statute.    They might vote themselves extravagant salaries after their induction into office and when they had once received the money, might set the municipality at defiance.    Weeks was a member of the council. *Mansf. Dig.* 792–3, 774.

3. SAME
Recovery
of salary
wrongfully
paid.

But when, at the election in April, 1884, Weeks was chosen for another term, he then became entitled to the salary provided by the ordinance of April 6, 1883.    And the repeal of that ordinance on the 27th of May, 1884, did not affect his right to the salary for the rest of his term.

The judgment is reversed and the cause remanded with directions to sustain the demurrer to the first paragraph and to overrule the demurrer to the second paragraph.