CITY OF EL DORADO v. FAULKNER.

Opinion delivered March 31, 1913.

1. EVIDENCE—PROOF OF TOWN ORDINANCE.—In the absence of proof of their destruction or loss, parol testimony is not admissible to prove an ordinance or resolution of a town or city council. (Page 457.)

2. TRIAL—CITY ORDINANCE—BURDEN OF PROOF—SALARY TO DEPUTY MAR-
SHAL.—In an action against a town by a deputy marshal for salary
fixed by an ordinance, the burden is upon plaintiff to prove the
existence of an ordinance obligating the city to pay him the
salary claimed, and in the absence of such ordinance, he is en-
titled only to "receive the like fees as sheriff and constable."
Kirby's Digest, § 5592. (Page 457.)

· Appeal from Union Circuit Court; *George W. Hays,*
Judge; reversed.

*Appellant pro se.*

Oral evidence of the purported ordinance was not
admissible. If such an ordinance was passed, the orig-
inal or a certified copy thereof was the best evidence, and
should have been produced. Kirby's Dig., § 3066; 66
Ark. 535. See also Kirby's Dig., § 5473; 40 Ark. 105; 22
Mich. 104. The court erred in directing a verdict for the
appellee, the evidence not being legally sufficient to sup-
port it. 97 Ark. 438, 442; 90 Ark. 23; 99 Ark. 491.

*Mahony & Mahony,* for appellee.

There was sufficient evidence to justify the conclu-
sion that the resolution had been lost, and, under the cir-
cumstances, it was proper to admit oral evidence of its
passage and provisions.

It is proper to direct a verdict where there is no
conflict in the testimony.

McCULLOCH, C. J. The plaintiff, J. D. Faulkner,
sued the city of El Dorado to recover salary as deputy
marshal. He claims that the marshal appointed him as
deputy, and that a resolution or ordinance of the city
council fixed the salary of deputy marshal at $75.00 per
month, and provided that the city should pay the same.
This was denied by the city, and it was the issue of
fact to be tried by the jury. The plaintiff introduced as
a witness the former mayor of the city and proved by
him that an ordinance or resolution had been passed fix-
ing the salary of deputy marshal at $75.00 per month.
Neither the record books of the city council nor printed
copy of ordinances were introduced in evidence, but the
recorder testified that he had searched the records and

failed to find any such ordinance or resolution. All of this testimony was introduced over the objection of the defendant, but the court admitted it, and as no testimony was introduced in conflict with it, the court gave a peremptory instruction to find for the plaintiff for the full amount of the salary during the period that he served.

Parol testimony is not admissible to prove an ordinance or resolution of a town or city council. *Pugh* v. *City of Little Rock,* 35 Ark. 75; *Hencke* v. *Standiford,* 66 Ark. 535; McQuillin on Municipal Corporations, § 872.

There may be exceptions to this rule where the records have been destroyed or lost and can not be produced. Upon proof of such destruction or loss, parol testimony would be admissible for the purpose of establishing the contents of the lost records. But there was no testimony in this case that any such ordinance or resolution had been adopted and duly recorded and the record thereof lost or destroyed. The recorder testified that he was frequently absent from council meetings, and that some of the resolutions introduced and adopted by it had been misplaced so that he failed to place them upon the record; but there was no testimony at all that the record of such an ordinance or resolution had been lost or destroyed. All the testimony on that subject is that of the former mayor, who stated that at some meeting at which he presided, the council passed a resolution fixing the salary of the deputy marshal at $75.00 per month. The burden was upon the plaintiff to prove the existence of an ordinance obligating the city to pay him a salary as deputy marshal for, in the absence of such an ordinance, he is, under the statute, entitled only to "receive the like fees as sheriffs and constables." Kirby's Digest, § 5592.

The court erred in admitting parol testimony as to the resolution or ordinance of the city council, and also in giving the peremptory instruction in favor of plaintiff. The judgment is reversed and the cause remanded for a new trial.