CONNER *v.* BURNETT.

4-9059                                    226 S. W. 2d 984

Opinion delivered February 6, 1950.

*W. F. Reeves* and *Opie Rogers,* for appellant.

*N. J. Henley* and *J. F. Koone,* for appellee.

GEORGE ROSE SMITH, J. This is a companion case to *Sitton* v. *Burnett,* also decided today. That case involved Sitton's salary during a period when he was serving as *de facto* marshal of the city of Clinton. He has since become a *de jure* officer, by moving into the city and being elected to the office. This taxpayer's suit was brought by the appellee to enjoin the city council and city treasurer from paying Sitton a salary of $250 a month for his services as city marshal. It is the appellee's contention that a city of the second class is not authorized to pay its marshal a salary. The council members, treasurer and Sitton appeal from a decree granting the injunction.

The appellee relies upon Ark. Stats. (1947), § 19-1104, which imposes certain duties upon the marshal of every city of the second class and provides that he "shall receive the like fees as sheriffs and constables in similar cases." The appellee argues that the city council is without power to vary or increase the compensation fixed by this statute.

We think this point of view fallacious in that it fails to take into account the other provisions of the original Act. The cited statute is § 50 of an act of March 9, 1875—a comprehensive statute governing cities and towns. When we examine this law in its entirety we are con-vinced that the General Assembly intended to and did authorize cities of the second class to pay their marshals a salary, as the city of Clinton has done.

Section 51 of the Act in question (Ark. Stats., 1947, § 19-1025) empowers cities of the first class to fix salaries for their municipal officers, but nowhere in this extensive statute is similar power expressly given to cities of the second class or to incorporated towns. We have held, nevertheless, that the statute does by implication dele-gate that power to these smaller municipalities. In *Weeks* v. *Texarkana*, 50 Ark. 81, 6 S. W. 504, we upheld a salary that was being paid by an incorporated town to its recorder. There we said: "The statute has not in ex-press terms authorized the council of an incorporated town to remunerate the services of its recorder. Never-

theless, as onerous duties are devolved upon him, requiring time and labor for their performance, such power may be fairly inferred as essential to the purposes of the incorporation. Otherwise the efficiency of the municipal government might be crippled and the best interests of the town suffer, from the impossibility of procuring a competent man, who would give his services gratuitously.''

The particular section relied on by the appellee imposes four specific duties upon the marshal, these duties being (1) to suppress riots and disturbances, (2) to apprehend disorderly persons, (3) to pursue and arrest fugitives from justice, and (4) to apprehend any person in the act of committing an offense. The section then provides that the marshal shall receive the same fees as sheriffs and constables. This evidently means that he shall receive the same fees for performing the specific duties enumerated in the section.

The Act itself contemplates that other duties may be assigned to the marshal. Section 49 directs the election of a marshal, recorder and treasurer, who ''shall have such powers and perform such duties as are prescribed in this act, or as may be prescribed by any ordinance of such city not inconsistent with the provisions of this act.'' Ark. Stats., § 19-1103. Section 6 authorizes the establishment of a city watch or police, whose duties we think might well be assigned to the marshal. *Ibid.,* § 19-1701. A later statute has conferred additional powers upon cities of the second class, many of which involve added duties for the law enforcement officer. *Ibid.,* § 19-2305. Upon the reasoning of the *Weeks* case, *supra,* the city is authorized to pay for these services.

Our language in *City of El Dorado* v. *Faulkner,* 107 Ark. 455, 155 S. W. 516, Ann. Cas. 1915A, 708, supports our present conclusion. That suit for salary was brought by a deputy marshal of the city of El Dorado, then a city of the second class as shown by the records of the Secretary of State. The deputy failed to prove that his salary had been authorized by ordinance, and in holding for the city we said: ''The burden was upon the plaintiff to

prove the existence of an ordinance obligating the city to pay him a salary as deputy marshal for, in the absence of such an ordinance, he is, under the statute, entitled only 'to receive the like fees as sheriffs and constables.' "

In the case at bar the plaintiff below neither alleged nor proved that Sitton discharges only the four duties specified in the particular section relied upon. The burden of proof was upon the appellee, and in the absence of evidence to the contrary we may reasonably assume that Sitton enforces State and municipal criminal laws, performs the ordinary duties of a peace officer, and in other respects discharges the various duties that are usually expected of a city marshal. It is within the power of the city to pay a salary for these services.

Reversed and dismissed.