The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding the compensation of an elected clerk-treasurer in a city of the first class. You have presented the following specific question:
 When a person is elected to the office of city clerk-treasurer, is the governing body of the city required to pay the officer at least a reasonable salary or does the governing body have full authority to pay the officer only such amount as it wishes?
It is my opinion that the city's governing body has authority to pay the clerk-treasurer any amount that it chooses, as long as it does not violate any of the limitations imposed by law, which are discussed in more detail below.
You have correctly noted that Amendment 56, § 4 of the Arkansas Constitution provides that the compensation of municipal officers shall be fixed by the governing body of the municipality, "not to exceed limits which may be established by law."
The statutes explicitly set forth two limitations on the authority of governing bodies in cities of the first class to set salaries for municipal officers. The first is found in A.C.A. § 14-42-113, which applies to all municipalities. It states:
 The salaries of officials of cities of the first and second class and incorporated towns may be increased, but not decreased, during the term for which the officials have been elected or appointed.
The second is found in A.C.A. § 14-43-409, which applies only to cities of the first class. It states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
In addition to these explicit statutory limitations on the authority of the city's governing body to set salaries, certain common law limitations on that authority may also be implied. Although the published court decisions indicate that Arkansas' high courts have not addressed the specific question that you have presented, the Arkansas Supreme Court has made statements that would indicate by implication that a city is expected to pay its officers salaries that are commensurate with the duties performed, i.e., a reasonable salary. For example, in Conner v.Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950), a taxpayer filed suit, seeking to enjoin the city from paying a salary to the city marshal. The taxpayer contended that the statutes did not explicitly authorize cities of the second class to pay salaries to their marshals. In holding that the city was authorized by implication to pay the marshal a salary, the Court cited to an earlier case, Weeks v. Texarkana, 50 Ark. 81,6 S.W. 504 (1887), which involved a city recorder's suit for his salary and a responding challenge to the payment of that salary. The Court stated:
 "The statute has not in express terms authorized the council of an incorporated town to remunerate the services of its recorder. Nevertheless, as onerous duties are devolved upon him, requiring time and labor for their performance, such power may be fairly inferred as essential to the purposes of the incorporation. Otherwise the efficiency of the municipal government might be crippled and the best interests of the town suffer, from the impossibility of procuring a competent man, who would give his services gratuitously."
Conner v. Burnett, 216 Ark. 559, 560-61, 226 S.W.2d 984 (1950), quotingWeeks v. Texarkana, 50 Ark. 81, 83, 6 S.W. 504 (1887).
Similarly, in Gladson v. Wilson, 196 Ark. 996, 120 S.W.2d 732 (1938), a taxpayer sued to enjoin payment of a salary to the superintendent of the city water plant, who did not have a valid contract of employment. The Court held that payment of his designated salary was proper on a theory of quantum meruit, i.e., that his services were worth the amount of his salary. In so holding, the Court stated that even when an employment contract is invalid, "when . . . actual benefits have been received under it, all parties acting in good faith, the law is maintained and the ends of justice subserved by allowing compensation on the quantum meruit or the . . . reasonable value of the benefits received under it." Gladson,196 Ark. at 1004.
Again, these cases did not involve the specific question that you have presented, and are not directly analogous to the situation that you have described.[1] Nevertheless, they do imply an implication in the law that an appropriate salary for services rendered would be the reasonable value of those services. The specific amount, of course, would be a question of fact.
I therefore conclude that as long as the city's governing body does not decrease the clerk-treasurer's salary during any given elected clerk-treasurer's term, and as long as it does not pay the clerk-treasurer any compensation in addition to the designated salary, it may designate a salary for the office of clerk-treasurer in any amount that it chooses. However, the city's governing body would be well-advised to designate a salary that is commensurate with the value of the services rendered by the clerk-treasurer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] It should be noted that a clerk-treasurer who has accepted a given salary may have waived the right to challenge that salary during a given term of office.