The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This letter is a response to your request for an opinion regarding certain issues involving the City of Crossett. You have indicated that the city's elected clerk-treasurer unilaterally decided to continue working in her former position of water bill teller in the city clerk's office, while performing the duties of clerk-treasurer, and would like to receive the salaries for both positions. Apparently, she promised the voters during her campaign that she would work as a full-time clerk-treasurer. (You state that the position of clerk-treasurer historically has been a part-time position.) You have inquired as to the legality of her holding both positions. You have further presented what appear to be two different scenarios for resolving the situation, and have inquired as to their legality. One such scenario would involve the city council separating the position of clerk-treasurer into two positions, having the elected clerk-treasurer fill the position of treasurer until the end of 1998. She would then be available for reappointment to the position of treasurer by the authorities in office on January 1, 1999. Under this scenario, the position of clerk would be filled by appointment, but would be an elective position beginning January 1, 1997. The other scenario would involve having the elected clerk-treasurer cease performing the functions of clerk-treasurer, but continuing to receive the salary designated for the position, while another person would be hired to perform the functions of the clerk-treasurer's position. In lieu of that scenario, you have inquired as to the legal requirements for removing the clerk-treasurer from office.
On behalf of Mr. William C. Finch, Mayor of the City of Crossett, you have presented the following specific questions:
 (1) Can the elected clerk-treasurer of the city concurrently hold the office of clerk-treasurer and the job of water bill teller in the city clerk's office and draw the salaries for both positions?
 (2) Can the city council create new separate positions of city treasurer and city clerk, have the elected city clerk-treasurer fill the position of treasurer, which would be an appointive position, and appoint a person to fill the clerk's position, which would be an elective position beginning January 1, 1997?
 (3) Can the city council direct the city clerk-treasurer to cease performing the duties of clerk-treasurer, but continue to pay her the designated salary for the position, and hire another person to perform the duties of the city clerk-treasurer?
 (4) If the answer to Question Number 3 is no, what legal steps must be followed in order to remove the elected clerk-treasurer from office?
In response to your first question, it is my opinion that the elected clerk-treasurer can concurrently hold the office of clerk-treasurer and the job of water bill teller in the clerk's office and draw the salaries for both positions.
The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two positions: constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
The only constitutional provisions that set forth any prohibitions against the concurrent holding of two positions (and that are stated broadly enough to have potential application to the positions of clerk-treasurer and water bill teller) are Article 4, § 2 (which is one of the separation of powers provisions) and Article 19, § 6 (which prohibits the concurrent holding of two offices within the same department of government). However, these constitutional provisions have been held to apply to state and constitutional officers only, and not to municipal officers. Peterson v. Culpepper, 72 Ark. 230 (1904); State ex rel Murphyv. Townsend, 72 Ark. 180 (1904). Therefore, I find no constitutional prohibitions against the concurrent holding of the office of clerk-treasurer and the job of water bill teller.
Neither have I have found any statutory prohibitions against the concurrent holding of the office of clerk-treasurer and the job of water bill teller.
Finally, I find no common law prohibitions to the concurrent holding of the positions of clerk-treasurer and water bill teller. The common law prohibition against the concurrent holding of two positions is the doctrine of incompatibility. Under this doctrine, it is impermissible to hold two positions that are "incompatible." See definition, set forth in footnote 2. This doctrine, however, has generally been held to apply only to situations involving the concurrent holding of two "offices", and not to situations involving the concurrent holding of two positions that are not both "offices." See, generally, 63A AmJur2d § 69. I have previously opined likewise. See, e.g., Attorney General Op. Nos. 94-031, 93-184, 87-96. Because I find that the situation you have described does not involve two "offices,"[1] the doctrine of incompatibility would not operate to prohibit the concurrent holding of the two positions in question.[2]
However, while it is legal for the clerk-treasurer to serve concurrently as the water bill teller in the city clerk's office, she may not do so simply because she has unilaterally chosen to do so. The elected clerk-treasurer may serve in each position only upon the authority of the person or entity who has the power to place her in that position. Thus, she may serve in the position of clerk-treasurer only upon the authority of the voters who elected her. Likewise, she may serve in the position of water bill teller only upon the authority of the person or entity who, by city ordinance, has been given supervisory and hiring/firing authority over the employees of the city clerk's office. That person or entity has the authority, within legal confines, to decide who holds the job water bill teller.
If the clerk-treasurer is allowed to continue serving in both positions, she is entitled to receive the salaries for both positions. Indeed, if she is allowed to serve but is not paid, she would have a cause of action against the city for recovery of the value of her services. See Connerv. Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950); Gladson v. Wilson,196 Ark. 996, 120 S.W.2d 732 (1938); Weeks v. Texarkana, 50 Ark. 81,6 S.W. 504 (1887).
In response to your second question, it is my opinion that the city council may separate the clerk-treasurer position into two separate positions. I base this conclusion on the fact that cities of the first class the size of Crossett are given authority in various separate statutes to elect clerks and treasurers. See, e.g., A.C.A. §§ 14-43-302, -313, -316. In addition, the statute allowing the combination of these offices (A.C.A. § 14-43-405) is based upon the presumption that the two offices are separate. That statute does not indicate that the offices, once combined, cannot be separated. Therefore, because of the independent statutory authority for separate offices, I conclude that the two offices can be separated.
Nevertheless, it is my opinion that the two positions may not be separated during the elected clerk-treasurer's term.[3] I base this conclusion upon the fact that all of the statutes that govern city clerks and treasurers state that the person elected to the position of clerk or treasurer (as the case may be) must hold the office until a successor is elected and qualified. See, e.g., A.C.A. §§ 14-43-302, -313, -316. This language indicates two matters that are pertinent to your situation: (1) An elected officer cannot be replaced with another person unless the office has been legally vacated; and (2) An elected officer is entitled to serve the entire term to which he or she was elected. The clerk-treasurer was elected to serve in the position of clerk for a stated term and was elected to serve in the position of treasurer for a stated term. For each job, the voters designated a particular person for a particular time period. Accordingly, it would be impermissible to name another person to fill either of the positions to which that person was elected, or to change the terms for which she was elected, unless either of those positions has been vacated in a manner allowed by law (such as resignation or removal for cause, see A.C.A. § 14-42-109).[4] To do so would be to contravene the will of the city's voters. After the elected clerk-treasurer has served her term in both positions, the city council may, under the authority of A.C.A. § 14-43-405, change the nature of the treasurer position to an appointive one. However, the position of clerk must remain an elective position. No statutes allow for the position of clerk to be an appointive one.
In response to your third question, it is my opinion that the city council may not direct the clerk-treasurer to cease performing the functions of the office, but continue to pay her the designated salary for the position, and hire another person to perform the duties of clerk-treasurer. The statutes governing city clerks in cities the size of Crossett provide not only that the clerk is to be elected by the city's qualified voters, but also that the person who is elected to that position "will perform the duties" that are prescribed by law or ordinance in such cities. See, e.g., A.C.A. §§ 14-43-302; -313; -316. If the clerk-treasurer were directed not to perform the duties of the office, Crossett would be in violation of these statutory requirements. Likewise, if the city appointed another person to perform the duties of the office of clerk-treasurer, that person would not have been elected by the city's qualified voters, as required by law.
In response to your fourth question, it is my opinion that in order to be removed from office, the clerk-treasurer must be found guilty of non-feasance in office, as required by A.C.A. § 14-42-109. "Non-feasance in office," as defined in A.C.A. § 14-42-109, is the willful and knowing failure, refusal, or neglect to execute, or cause to be executed, any of the laws or ordinances within the jurisdiction of the officer in question. I have previously opined that in order to remove an elected official for non-feasance, the city council must pursue a criminal action against that office-holder. See Attorney General Opinion No. 91-024, a copy of which is attached. The particular steps by which such an action should be pursued are set forth in that opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] It is my opinion that the position of clerk-treasurer is an "office," and that the position of water bill teller is not. The Arkansas Supreme Court has described an "office" as a position in which the holder of the position exercises some part of the State's sovereign power, and in which the tenure, compensation, and duties are usually fixed by law. An "office" is also indicated by the taking of an oath of office, the receipt of a formal commission, and the giving of a bond. By contrast, in a position that is not an "office," some or all of these characteristics are lacking. Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952).
[2] Even if the doctrine did apply, it is my opinion that it would not operate to prohibit the concurrent holding of the position of clerk-treasurer and water bill teller, because I find that those two positions, given your description of the duties of the clerk-treasurer, are not incompatible under the Arkansas Supreme Court's definition of incompatibility. The Arkansas Supreme Court has stated that two positions are incompatible if "there is a conflict of interests, which includes,inter alia, where one office is subordinate to the other." Byrd,240 Ark. at 745. The Court has also described the incompatibility of two positions as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Townsend, 72 Ark. at 184, and as situations in which "one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tap-pan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,103 S.W.2d 458 (1937). You have described the clerk-treasurer's duties as being part-time, and being limited to "signing checks, monitoring the Fire and Police pension funds, taking the minutes at the council meetings and sign[ing] any official document where a Clerk/Treasurer's signature was needed." You have not indicated that the clerk-treasurer has any supervisory or hiring/firing authority over the employees in the city clerk's office. In addition, the clerk-treasurer duties that you have described do not appear to hold the possibility of any conflict with the duties that might be carried out by a water bill teller. Indeed, it would appear that the two positions serve the same interest. If your description of the duties of clerk-treasurer are complete and accurate, I must conclude that the two positions are not incompatible, and that the concurrent holding of the two positions would not be prohibited by the doctrine of incompatibility, if it did apply. If, however, the position of clerk-treasurer does, in fact, carry supervisory or hiring/firing authority over the employees in the city clerk's office, the two positions in question would likely be considered incompatible. Nevertheless, because they are not both "offices," the concurrent holding of the two positions would not be prohibited by the doctrine of imcompatibility.
[3] If the two positions are separated during the elected clerk-treasurer's term, it is my opinion that the person who was elected as clerk-treasurer must be given the opportunity to serve out the remainder of both terms, for the reasons stated in the main text of this opinion, following footnote 3.
[4] It should be noted that if a proper vacancy has occurred in either the position of clerk or treasurer, it must be filled by a majority vote of the city council. See A.C.A. §§ 14-42-103; 14-43-412.