The Honorable Gary D. Hunter State Senator Route 8, Box 108 Mountain Home, AR 72653
Dear Senator Hunter:
This is in response to your request for an opinion on the following questions:
 1. A constituent of mine is mayor of a small town in my district. On travels in his capacity of mayor, he routinely adds the tip for a meal to the city's credit card. He has been advised by Mr. Bill Clements, State Auditor, that this is not allowed. He feels that the practice of not tipping would leave the waiter with a bad impression of the city and that as mayor he needs to make a positive impression on the public on behalf of the citizens of his city.
 2. The city furnishes him a car to drive in the performance of his duties as mayor. He routinely drives the car to his home every night. The state auditor has said the IRS does not allow this because they view it as personal use. He explained that a police officer is allowed to drive a police car home at night because the officer is on call. My constituent's feeling is that the mayor of a town is the #1 law enforcement officer and subject to being called at any hour of the day or night. He feels the state auditor's interpretation is incorrect.
It is my opinion in response to your first question that charging tips to the city's credit card is in all likelihood contrary to the so-called "public purpose" doctrine, as well as the constitutional prohibition against appropriating city funds to the private benefit of individuals. Ark. Const. art. 12, § 5.
It is generally held that a municipality may reimburse one of its officers for moneys actually and necessarily expended by him in the discharge of a duty pertaining to his office. 62 C.J.S. MunicipalCorporations § 535 (1949); 63C Am. Jur. 2d Public Officers and Employees
§ 287 (1997). See also generally Thomas v. Williford, supra at n. 1. It has been stated as regards the "public purpose" doctrine that "[n]o expenditure can be allowed legally except in a clear case where it appears that the welfare of the community and its inhabitants is involved and direct benefit results to the public." McQuillin, MunicipalCorporations § 12.
It is difficult to conclude under these precepts that public funds may be utilized to pay a "tip" which is gratuitously given according to the customer's determination. A public officer entrusted with public funds has no right to give them away, nor may he or she use them. 63C Am. Jur. 2d, supra at § 265. Expenditures by public officers are proper only insofar as they are authorized, either explicitly or implicitly, by legislative enactment. Id. at § 263. I have found no authorization for the expenditure of public funds for tipping. Indeed, as to state employees, the legislature has specifically recognized tips as a "personal" expense, and has prohibited reimbursement thereof. A.C.A. §19-4-904(b). Although this is not determinative in the case of municipal expenditures, it at least reflects the General Assembly's view of the propriety of such an expense.
It is my conclusion, in light of the above that "tipping" would in all likelihood generally be deemed to accomplish a private purpose as it inures primarily to the benefit of private individuals. The appropriation of city funds to private individuals is of course specifically prohibited by our constitution. Ark. Const. art. 12, § 5.
With regard to your second question, I am somewhat uncertain as to the exact focus of your inquiry. To the extent this involves treatment of this expense from a taxation standpoint, I must defer to the Internal Revenue Service's determination in that regard. The IRS may well take the position that this must be included as income for reporting purposes. This does not, however, fall within the ordinary scope of an opinion from this office.
With regard to the city's authority to furnish a car to the mayor, it is possible that this falls within his compensation as fixed by the council.See Ark. Const. amend. 56, § 4 and A.C.A. §§ 14-43-409[1] and14-45-106. Please note that I have previously opined that the prohibition in § 14-43-409 against additional compensation by way of "fees, fines, or perquisites" is directed toward fees of the office and other forms of compensation accruing to the office, as distinguished from salary or other individually authorized compensation. See Op. Att'y Gen. Nos.97-394 and 96-366. Thus, in my opinion, an argument exists in favor of the city council's authority to furnish a car as part of the mayor's compensation. I lack sufficient information, however, to determine whether that has in fact occurred in this particular instance. This question should be referred to the city's local counsel.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Although § 14-43-409, by the terms of the Code, appears to apply only to cities of the first class, it has been interpreted to apply as well to cities of the second class and incorporated towns. Conner v.Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950).