The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75504-2631
Dear Senator Dowd:
You have requested an Attorney General opinion in response to several questions concerning a Recorder-Treasurer in a city of the second class. You indicate that in this particular city, the Recorder-Treasurer is paid 3% of all revenues handled by her, and is also paid a monthly salary. The interested parties have located an ordinance enacted in 1890, authorizing the 3% compensation, but have been unable to locate any ordinance authorizing the monthly salary. In light of this situation, you have presented the following questions:
 (1) Is it lawful for the Recorder-Treasurer to be paid a 3% commission of all revenue handled by her?
 (2) If not, would any amounts paid to the Recorder-Treasurer in this manner be subject to repayment?
 (3) Is it lawful for the Recorder-Treasurer to receive both a 3% commission and a monthly salary?
 (4) Is it lawful for the Recorder-Treasurer to receive a salary when there is no authorized ordinance providing for it?
 (5) Would the city council have the authority to retroactively authorize salary payments to the Recorder-Treasurer?
 (6) Is it lawful for the Recorder-Treasurer to keep all city financial records, ordinances, and other records at her home, as opposed to the City Hall?
 (7) Does the Recorder-Treasurer have any lawful authority to refuse access to the city's financial and other records?
RESPONSE
Question 1 — Is it lawful for the Recorder-Treasurer to be paid a 3%commission of all revenue handled by her?
It is my opinion that it is not illegal for the Recorder-Treasurer's compensation to be determined as a 3% commission of all revenue handled by her.
This issue is governed in the first instance by Amendment 56, § 4 of the Arkansas Constitution, which provides that the compensation of municipal officers shall be fixed by the governing body of the municipality, "not to exceed limits which may be established by law."
No provision of Arkansas law prohibits or limits a city council's ability to provide for this type of compensation for the Recorder-Treasurer. Of course, in providing for this type (or any other type) of compensation, the city council must act within the other requirements of state law. For example, the city council must actually pass an ordinance designating this type of compensation. A.C.A. § 14-43-409. Moreover, it cannot decrease the Recorder-Treasurer's compensation during the term of office. A.C.A. § 14-42-113.
Question 2 — If not, would any amounts paid to the Recorder-Treasurer inthis manner be subject to repayment?
Because I have opined that this type of compensation does not violate the law, Question 2 is moot. For a discussion of repayment in situations involving unlawful compensation, see Op. Att'y Gen. No. 96-200.[1]
Question 3 — Is it lawful for the Recorder-Treasurer to receive both a 3%commission and a monthly salary?
It is my opinion that it is not illegal for the Recorder-Treasurer to receive both a 3% commission and a monthly salary.
No provision of Arkansas law prohibits a Recorder-Treasurer from receiving compensation from multiple sources. The only limitations will be those discussed in response to Question 1: The multiple sources of compensation must be designated by ordinance, A.C.A. § 14-43-409, and the compensation cannot be decreased during the term of office. A.C.A. §14-42-113.
I am aware that an argument could be made that A.C.A. § 14-43-409 would prohibit additional sources of compensation, after one source has been designated by the city council. That statute states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
A.C.A. § 14-43-409 (emphasis added).
It is my opinion that the prohibition stated in the above-quoted statute does not apply to the situation you have described. A previous Attorney General, in interpreting A.C.A. § 14-43-409, distinguished compensation that is designated for the individual, as opposed to fees and fines that accrue directly to the office, and held that the prohibition of A.C.A. §14-43-409 does not apply to the former. See Ops. Att'y Gen. Nos. 98-277; 97-394; 96-366. For example, it was held that A.C.A. § 14-43-409 did not prohibit a city from providing a car for its mayor, see Op. Att'y Gen. No. 98-277; or from paying the health insurance premiums for city officers, see Op. Att'y Gen. No. 97-394;or from awarding annual and sick leave, see Op. Att'y Gen. No. 96-366.
I concur in that position. The situation you have described appears to be one in which the 3% commission is an amount designated strictly as individual compensation, and is not a fee or fine that accrues directly to the office of the Recorder-Treasurer. This conclusion is bolstered by the fact that the compensation amount is a percentage of revenues generally, and not of certain fines and fees that are created by law for the benefit of the office of the Recorder-Treasurer. For this reason, I conclude that the prohibition of A.C.A. § 14-43-409 against additional compensation does not apply to the situation you have described. I am aware of no Arkansas law that would prohibit a Recorder-Treasurer from receiving the two types of compensation you have described.
Question 4 — Is it lawful for the Recorder-Treasurer to receive a salarywhen there is no authorized ordinance providing for it?
As discussed previously, Arkansas law requires that the city council pass an ordinance designating the compensation of city officials. A.C.A. §14-43-409. I must note, however, that compensation that is earned and paid in good faith may not be considered unlawful, and indeed, may actually be required. See Gladson v. Wilson, 196 Ark. 996, 120 S.W.2d 732
(1938); Conner v. Burnett, 216 Ark. 559, 560-61, 226 S.W.2d 984 (1950), citing Weeks v. Texarkana, 50 Ark. 81, 83, 6 S.W. 504 (1887); Op. Att'y Gen. No. 95-186.
For this reason, I am hesitant to conclude as an absolute matter that it is per se unlawful for a Recorder-Treasurer to receive a salary in a situation where there is no ordinance providing for it. However, the situation is one that the city council would be well advised to correct.
Question 5 — Would the city council have the authority to retroactivelyauthorize salary payments to the Recorder-Treasurer?
It is my opinion that the city council does have the authority to retroactively authorize salary payments to the Recorder-Treasurer.
Although legislation is presumed not to operate retroactively, that presumption will not apply if the legislation expressly states an intent to operate retroactively. Moreover, legislation can more readily be interpreted to operate retroactively if it is procedural rather than substantive in nature. See, e.g., French v. Grove Mfg. Co., 656 F.2d 295
(8th Cir. 1981). The Arkansas Supreme Court has described procedural legislation as being legislation that supplies new, different, or more appropriate remedies; substantive legislation is that which creates new rights or extinguishes old ones. Gannett River States Pub. Co. v.Arkansas Indust. Development Com'n, 303 Ark. 684, 799 S.W.2d 543 (1990). Substantive legislation is also that which creates new obligations.Alexander v. Lee Way Motor Freight, 15 Ark. App. 41, 689 S.W.2d 3
(1985).
An ordinance that would purport to retroactively authorize salary payments that have already been paid would, in my opinion, be procedural rather than substantive in nature. It would supply new, different, or more appropriate remedies, but would not create new rights or extinguish old one, nor would it create new obligations.
For these reasons, I conclude that such an ordinance would be sustainable.
Question 6 — Is it lawful for the Recorder-Treasurer to keep all cityfinancial records, ordinances, and other records at her home, as opposedto the City Hall?
Although state law does not specifically address this issue, it is my opinion that it is inappropriate for the Recorder-Treasurer to keep all city financial records, ordinances, and other records at her home, as opposed to at the City Hall. I base this conclusion on the fact that the city's records are "public records" within the meaning of the Freedom of Information Act (A.C.A. § 25-19-101 et seq.). As such, they must be made reasonably accessible to the public. A private home does not, in my opinion, constitute an appropriate forum for providing the public with reasonable access to public records. This position is consistent with the position traditionally taken by previous Attorneys General. See, e.g.,
Ops. Att'y Gen. Nos. 96-328; 95-327; 88-110.
Question 7 — Does the Recorder-Treasurer have any lawful authority torefuse access to the city's financial and other records?
Generally, no. As indicated in response to Question 6, the city's records constitute "public records" within the meaning of the Freedom of Information Act (A.C.A. § 25-19-101 et seq.). Assuming that the Recorder-Treasurer is the official custodian of those records, he or she is required by law to make those records available to any Arkansas citizen, unless the requested record is exempt from disclosure. It is conceivable (although unlikely) that certain city records may fall within one of the Act's exemptions from disclosure. Only in that event may the custodian of the records refuse access to those records.
Because of the record-specific nature of exemptions, I cannot opine definitively as to whether any city records would be exempt from disclosure. Individual records must be reviewed in order for a determination of exemptions to be made. Generally, however, city financial records do not fall within any of the exemptions.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It will be noted that in Opinion No. 96-200, the Attorney General opined that a chief of police and city court clerk could not receive compensation based upon a percentage of fines and fees collected by them. The result was based upon the provisions of A.C.A. § 14-42-409 (the prohibitions of which I have found to be inapplicable to the situation you have described). The situation discussed in that opinion is distinguishable from the one you have described in that it involved fines and fees accruing directly to the offices of the chief of police and of the city clerk. As discussed in the body of this opinion, the Attorney General has previously opined that this prohibition of A.C.A. § 14-43-409
does not apply to compensation that is designated for the individual, as opposed to accruing directly to the office. See Ops. Att'y Gen. Nos.98-277; 97-394; 96-366.