The Honorable Jim Holt State Senator 2835 South 56th Street Springdale, AR 72762
Dear Senator Holt:
You have presented the following questions for my official opinion:
 (1) Is it legal for a mayor of a second class city to form a police committee which is composed of non-elected residents and also non-residents of the city? The police committee would have the responsibility of reviewing candidates for the position of Chief of Police. The committee would also have the power to determine the salary for the Chief of Police and assorted other duties which would address the Police Department.
 (2) May a mayor of a second class city approve himself a raise without the city council or an ordinance allowing such action?
Before responding to your questions, I must note as an initial matter that the issues you have raised may be impacted by local factual matters of which I am unaware. This opinion should not be interpreted as addressing such matters. Rather, my discussion addresses the issues you have raised only to the extent that they implicate the applicable state law.
RESPONSE
Question 1 — Is it legal for a mayor of a second class city to form apolice committee which is composed of non-elected residents and alsonon-residents of the city? The police committee would have theresponsibility of reviewing candidates for the position of Chief ofPolice. The committee would also have the power to determine the salaryfor the Chief of Police and assorted other duties which would address thePolice Department.
It is my opinion that the formation by the mayor of a committee such as you have described would conflict with various provisions of Arkansas law.[1] My conclusion would be the same regardless of whether the members of the committee were residents or non-residents of the city.
The mayor is charged with the responsibility of hiring department heads, including the Chief of Police. A.C.A. § 14-42-110. He may not delegate that responsibility to a committee. Even if the committee is advisory only and would not actually make the hiring (or salary) decisions, the formation of the committee by the mayor would nevertheless be improper, in my opinion. See Ops. Att'y Gen. Nos. 95-195; 95-248. A committee such as you have described is not authorized by law. It is well-established that cities are creatures of the state and have no inherent powers. They can exercise only (1) those powers that are expressly given them by the state through the constitution or by legislative grant; (2) those powers that are necessarily implied for the purposes of, or incident to, these express powers; and (3) those powers that are indispensable, not merely convenient, to their objects and purposes. Pfeifer v. City of LittleRock, 346 Ark. 449, 57 S.W.3d 714 (2001). In my opinion, this principle extends logically to city officials, through whom cities must act. Mayors are not expressly authorized to create committees such as the one you have described, nor can such a committee be deemed to be implied by, incidental to, or indispensable to the mayor's express powers. Accordingly, I conclude that the mayor's creation of such a committee exceeds the mayor's authority under the law.
Moreover, the committee's power to make salary decisions would directly conflict with Article 56, § 4 of the Arkansas Constitution, which states:
 Compensation of municipal officers and officials shall be fixed by the governing body of the municipality, not to exceed limits which may be established by law.
Ark. Const., Amend. 56, § 4.
In addition, A.C.A. § 14-51-304 states:
 The city council or board shall from time to time fix the number of employees and the salaries to be drawn by each rank in the fire and police departments of their respective cities.
A.C.A. § 14-51-304.
This statute plainly charges the city council with the responsibility of determining the compensation of the city's police officers. Accordingly, to allow a committee to determine the compensation of the city's Chief of Police would constitute a violation of this provision.
Finally, to the extent that the committee would be permitted to make decisions that would impact the duties of the Police Department generally, the creation of the committee for this purpose would conflict with the plain language of A.C.A. § 14-52-101, which reserves such authority to the city council. That statute states:
 The city council shall have power to establish a city police department, to organize it under the general superintendence of the mayor, and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations.
A.C.A. § 14-52-101.
For all of the above-stated reasons, I conclude that a committee such as you have described would be contrary to Arkansas law.
Question 2 — May a mayor of a second class city approve himself a raisewithout the city council or an ordinance allowing such action?
No. This question is squarely addressed in A.C.A. § 14-43-409, which states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
A.C.A. § 14-43-409.
This statute plainly grants the city council the authority to determine the salaries of city officers.[2] In addition, several other statutory provisions reinforce the conclusion that the city council, rather than the mayor, has ultimate control over the mayor's compensation. Those statutes are A.C.A. § 14-58-201, -202, and -203, which I will recite in order below:
A.C.A. § 14-58-201 states:
 On or before December 1 of each year, the mayor of all cities and incorporated towns having the mayor-council form of government shall submit to the governing body of the city or town, for its approval or disapproval, a proposed budget for operation of the city or town from January 1 to December 31 of the forthcoming year.
A.C.A. § 14-58-202 states:
 Under this subchapter, the governing body of the municipality shall, on or before February 1 of each year, adopt a budget for operation of the city or town.
A.C.A. § 14-58-203 states:
 (a) The approval by the municipal governing body of the budget under this subchapter shall, for the purposes of the budget from time to time amount to an appropriation of funds which are lawfully applicable to the items therein contained.
 (b) The governing body may alter or revise the budget and unpledged funds appropriated by the governing body for any purpose may be subsequently, by action of the governing body, appropriated to another purpose, subject to the following exceptions:
 (1) Funds resulting from taxes levied under statutes or ordinances for specific purposes may not be diverted to another purpose;
 (2) Appropriated funds may not be diverted to another purpose where any creditor of the municipality would be prejudiced thereby.
The mayor clearly does not have authority to increase his own salary unilaterally.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] As you note, a similar issue was addressed in Attorney General Opinion No. 95-195, in which one of my predecessors in office opined that the city council, rather than the mayor, has the authority to form committees, because such action is legislative in nature and as such, is properly exercised only by the city council. See also Op. Att'y Gen. No.95-248. Thus, even if your question had involved a committee that was formed for purposes that were permissible under Arkansas law, the committee would have to be formed by the city council rather than the mayor. See Op. Att'y Gen. No. 95-195.
[2] Although A.C.A. § 14-43-409 is codified with the set of statutes that govern cities of the first class, the Arkansas Supreme Court has held that it applies to cities of the second class as well. See Connerv. Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950).