The Honorable Travis Boyd State Representative 280 West Court Road Piggott, AR 72454
Dear Representative Boyd:
I am writing in response to your request for an opinion regarding insurance benefits for city council members. You have enclosed a letter from one of your constituents in this regard. The request claims that the city council of Corning approved a benefits package for city council members that included insurance premiums. The request further asserts that the city council members are not full-time city employees. I will paraphrase his question as follows:
 May the city council properly approve a benefits package for city council members that includes insurance premiums when the council members are not full-time employees?
RESPONSE
Yes. In my opinion, the city council properly has the power to determine the compensation, including insurance premiums, of its members whether or not the council members are full-time employees.
Pursuant to Amendment 56 to the Arkansas Constitution, municipal corporations possess the authority to set the compensation for municipal officers and officials. Ark. Const., amend. 56, § 4. In discussing cities of the first class, Arkansas Code Annotated § 14-43-309 states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
A.C.A. § 14-43-309 (Repl. 1998). The Arkansas Supreme Court has held that this statute applies equally to cities of the second class and to incorporated towns. See Conner v. Burnett, 216 Ark. 559, 560,226 S.W.2d 984 (1950); and Op. Att'y Gen. 2004-198, fn. 2.
I have opined that the term "compensation" in Amendment 56 to the Arkansas Constitution and A.C.A. § 14-43-309 includes benefits such as insurance premiums. See, e.g. Op. Att'y Gen. 2004-312; and Op. Att'y Gen. 2003-195. Absent some prohibition contained in the law against this action, the city council is the body properly authorized under Arkansas law to approve the compensation, including insurance premiums, for all city officials, including city council members. See Op. Att'y Gen.97-394.
One of my predecessors stated that "[i]t is clear that the governing body of a municipality has the authority and responsibility to determine the compensation of municipal officers, subject to limitations established by law. It is my opinion, further, that health insurance benefits would generally be considered `compensation.'" Op. Att'y Gen. 97-394 (citations omitted). I agree with my predecessor's analysis that health insurance will generally be considered compensation. Id. See also, Op. Att'y Gen.2003-195 (opining that a city council could make payments to persons not eligible or desiring health insurance in lieu of paying the insurance premiums). I have enclosed a copy of Op. Att'y Gen. 97-394 for your convenience. I have not uncovered any legal impediment to the city council's action. Therefore, I must conclude that the city council has legal authority to include the insurance premiums in the compensation of the city council members. The council members, of course, remain answerable to the voters who elect them at the polls.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh