The Honorable Bobby J. Pierce State Representative 587 Grant 758 Sheridan, AR 72150-6766
Dear Representative Pierce:
This is in response to your request for an opinion on the following question:
May an incorporated town exercise territorial jurisdiction pursuant to Ark. Code Ann. 14-56-413?
You state in this regard that "[t]here appears to be some uncertainty whether or not the use of the word `city' is a generic reference which would encompass an incorporated town, or if it is specific to a municipality of the second or first class." I note, additionally, that the correspondence attached to your request reflects a specific concern whether subsection (a)(1)(B) of § 14-56-413, pertaining to municipalities that are less than ten miles apart, applies to incorporated towns.
RESPONSE
The answer to your general question regarding A.C.A. § 14-56-413 is "yes," in my opinion, based upon the statute's legislative history. With regard, specifically, to A.C.A. § 14-56-413(a)(1)(B), the legislative history in my opinion compels the conclusion that this subsection also applies to incorporated towns, notwithstanding its reference to "municipalities of the first or second class."
Subsection 14-56-413 provides in relevant part as follows:
(a)(1)(A) The territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.
(B) If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdictions shall be a line equidistant between them, or as agreed on by the respective municipalities.
* * *
(b)(1) The planning commission shall designate the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations.
A.C.A. § 14-56-413 (Repl. 1998).
Given subsection (a)(1)(A)'s reference to a "city" and subsection (a)(1)(B)'s reference to "municipalities of the first or second class," one understandably might expect that these provisions do not extend to incorporated towns. Incorporated towns are clearly vested, however, with authority to "adopt and enforce plans" pursuant to A.C.A. § 14-56-402, which provides:
Cities of the first and second class and incorporated towns shall have the power to adopt and enforce plans for the coordinated, adjusted, and harmonious development of the municipality and its environs.
A.C.A. § 14-56-402 (Repl. 1998).
This authority to "adopt and enforce plans" plainly applies to the "municipality and its environs," suggesting that such plans may include areas outside the city or town. This would appear to be confirmed by the "territorial jurisdiction" addressed in A.C.A. § 14-56-413, supra. But as noted, subsection 14-56-413(a)(1) refers only to "the city" and "municipalities of the first or second class." It is appropriate under these circumstances to go beyond the language of the statute to determine the legislature's intent. See Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, 210 S.W.3d 878 (2005). In determining legislative intent, a court will look to various sources, including the statute's subject matter, the object to be accomplished, and the legislative history. Id., citing Weiss v. McFadden, 353 Ark. 868,120 S.W.3d 545 (2003).
In this regard, I note that A.C.A. §§ 14-56-402 and-413 were originally enacted under the same comprehensive act providing for municipal planning — Act 186 of 1957. This act authorized cities of the first and second class to adopt municipal plans and create a planning commission to prepare and carry out the plans. A review of several key provisions of the 1957 act will be helpful in understanding the precise basis for my conclusions regarding A.C.A. § 14-56-413. The act stated in most relevant part as follows under Section 1:
a. Power to adopt and enforce plans. Cities of the first class and second class shall have the power to adopt and enforce a plan or plans for the coordinated, adjusted and harmonious development of the municipality and its environs.
The plans of the municipality shall be prepared in order to promote, in accordance with present and future needs, the safety, morals, order, convenience, prosperity and general welfare of the citizens; and may provide, among other things, for efficiency and economy in the process of development, for the appropriate and best use of land, for convenience of traffic and circulation of people and goods, for safety from fire and other dangers, for adequate light and air in the use and occupancy of buildings, for healthful and convenient distribution of population, for good civic design and arrangement, for adequate public utilities and facilities, and for wise and efficient expenditure of funds.
b. Creation of planning commission. To this end, the legislative body of the municipality (hereinafter referred to as the legislative body) may create a planning commission of not less than five (5) members who shall serve without compensation, and of whom at least two-thirds shall not hold any other municipal office or appointment except membership in the Board of Adjustment or a joint planning agency. The said legislative body may confer on the commission the powers necessary to carry out the municipal plan. The municipality is authorized to appropriate funds to the planning commission to be used in carrying out its functions.
Acts 1957, No. 186, § 1 (emphasis added).
Of additional significance in addressing your question concerning A.C.A. § 14-56-413, the 1957 act stated as follows regarding a city's "territorial jurisdiction":
l. Territorial jurisdiction. The territorial jurisdiction of the legislative body of the city having a planning commission for the purpose of this Act shall include all land lying within five (5) miles of the corporate limits. If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdictions shall be a line equidistant between them, or as agreed on by the respective municipalities. The planning commission shall designate the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations. The boundaries of said area shall be filed with the city clerk and with the county recorder.
Id. at § 3 (emphasis added).
As you can see, therefore, this body of law authorizing municipal planning originally was limited to cities of the first and second class; and it included the provision currently codified at A.C.A. §14-56-413(a)(1)(B) regarding municipalities less than ten miles apart. Indeed, my research further reveals that this latter provision dates back to 1929, specifically Act 108 of 1929, the previous body of law respecting municipal planning, which was repealed by Act 186 of 1957. See Acts 1957, No. 186, § 7.
The limitation of municipal planning to cities of the first and seconds class was changed in 1963, when the legislature enacted Act 36 "to authorize municipal planning in incorporated towns[.]" Acts 1963, No. 36 (title). Specifically, the 1963 act amended Section 1 ofAct 186 of 1957 to read:
a. POWER TO ADOPT AND ENFORCE PLANS. Cities of the first and second class and incorporated towns shall have the power to adopt and enforce a plan or plans for the coordinated, adjusted, and harmonious development of the municipality and its environs.
Id. at § 1 (emphasis added).
The impetus for the 1963 amendment is explained in the act's emergency clause:
It is hereby found and determined by the General Assembly that the population of this State has shifted from primarily rural population to urban population, that the growth of urban population is expected to increase at a rapid pace; that many incorporated towns in this State are experiencing a rapid increase in population growth; that many of such incorporated towns do not have plans for public improvements, land use, community facilities and other factors that must be anticipated with increased population growth, that the present laws of this State do not authorize incorporated towns to establish planning agencies, and, that the immediate passage of this Act is necessary to correct such situation.
Id. at § 3.
The 1963 act did not otherwise amend the 1957 act, but it restated the remainder of Section 1(a) and (b) of the 1957 act, set out above, regarding municipal plans and creation of a planning commission. Id. As you will note, A.C.A. § 14-56-402 is the codification of that part of the 1963 legislation which extended municipal planning authority to incorporated towns.
When viewed from this historical perspective, the "territorial jurisdiction" provision, which extends the planning jurisdiction for five miles outside the corporate limits, is reasonably interpreted, in my opinion, to include incorporated towns, notwithstanding its express application to cities of the first and second class. The legislature plainly intended, by the 1963 act, to authorize municipal planning by incorporated towns, and the creation of planning commissions to carry out the plan(s). Moreover, the legislature is presumed to have been aware of the "territorial jurisdiction" provision, including that part pertaining to municipalities that are less than ten miles apart, when it enacted the 1963 legislation. See generally Otis v. State, 355 Ark. 590,614, 142 S.W.3d 615 (2004) (observing that "in construing a statute, [the Arkansas Supreme Court] will assume that the General Assembly, in enacting it, possessed the full knowledge of prior legislation on the same subject. . . .") It also bears noting that when the legislature in 1969 clarified the zoning powers of cities and towns, seeAct 379 of 1969, it clearly assumed that cities and towns had planning and zoning jurisdiction "with respect to territory lying along a navigable stream for a distance of five (5) miles of the corporate limits," id., even though the act that established such jurisdiction, Act 134 of 1965, expressly applied only to cities of the first and second class. Id. at § 1 (amending Section 5 of Act 186 of 1957 to add a subsection regarding control of land along navigable streams).[1]
I note, additionally, that when faced with a somewhat similar situation involving a comprehensive act governing municipal incorporation, the Arkansas Supreme Court held that a provision giving express authorization only to cities of the first class to pay salaries to their marshals authorizes, by implication, a city of the second class to do the same. Conner v. Burnett, 216 Ark. 559, 226 S.W.2d 984 (1950). The court in Conner noted the act's comprehensive nature, and concluded that it was appropriate to consider the act as a whole, including those portions expressly applying only to cities of the first class, when determining the powers of cities of the second class. Similarly, in Weeks v. Texarkana, 50 Ark. 81, 83, 6 S.W. 504 (1887), the court upheld a town council's payment of a salary to its recorder, reasoning that "such power may be fairly inferred as essential to the purposes of the incorporation."
In my opinion, the court would most likely similarly conclude that an incorporated town's planning jurisdiction within five miles of its corporate limits may be fairly inferred as essential to the purposes of municipal planning, which include adopting plans for the town "and its environs." A.C.A. § 14-56-402. Accordingly, when A.C.A. § 14-56-413
establishes the territorial jurisdiction of a "city having a planning commission," it may be inferred that this includes an incorporated town having a planning commission. Similarly, in my opinion, the provision addressing the "respective territorial jurisdictions" of municipalities less than ten miles apart applies, by implication, to incorporated towns, notwithstanding that it expressly applies to cities of the first and second class.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 379 of 1969 was repealed by Act 56 of 1987. This latter act also amended Act 134 of 1965, regarding the control of land along navigable streams. The 1987 legislation is codified at A.C.A. §14-56-413(a)(2) (Repl. 1998). For a discussion of this legislation respecting the extraterritorial zoning authority of cities situated on navigable streams, see Op. Att'y Gen. 91-340. *Page 1